(No. 23851.—

WILLIAM E. WILSON, Admr., Appellant, *vs.* THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY, Appellee.

*Opinion filed February 12, 1937.*

EARL J. WALKER, for appellant.

JOHN A. BLOOMINGSTON, and BARSE & KASSEL, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Alexander Krauchunis was killed on the tracks of defendant railroad company at or near One Hundred Thirteenth street, in Chicago, on the evening of September 29, 1930, and his administrator seeks damages on behalf of the next of kin. On a trial in the superior court before a jury there was a verdict and judgment in favor of the defendant, which has been affirmed by the Appellate Court for the First District, and the cause brought here for further review by appeal on leave granted.

The issues presented to the jury in the trial court were (1) whether the deceased was in the exercise of due care for his own safety; (2) whether the deceased was killed at the crossing, or on the right-of-way about one hundred fifty feet north thereof; (3) whether deceased was drunk or sober at the time; (4) whether the crossing gates were open or closed at the time deceased entered the right-of-way; (5) whether a bell or whistle was sounded as the train approached the crossing; (6) whether or not the train and the forward end of it were lighted; (7) whether the train crossed the intersection at more than twenty miles per hour, and (8) whether the defendant was guilty of wilful or wanton misconduct. All of these issues appear to have been covered by appropriate instructions offered by the plaintiff and all the issues were, by the verdict, found against him.

Plaintiff's insistence upon a reversal of the judgment is based upon a ruling by the trial court excluding from evidence certain orders of the Illinois Commerce Commission and certain ordinances of the city of Chicago, claimed to have been reinstated by order of that commission, which

the trial court held to be void. He does not, however, show wherein he has been prejudiced by this ruling and it seems to us immaterial whether or not it was correct.

So far as the briefs or abstract disclose, the jury was fully instructed on every theory of the plaintiff's case and the abstract does not contain any refused instruction. One of the general orders which was sought to be introduced provided that, where crossing gates existed, they should be operated at all times during the full twenty-four hour period. The jury was instructed that if the deceased was in the exercise of due care and the gates were not operated, and such negligence caused his death, they should find the defendant guilty. Another instruction offered and given on behalf of the plaintiff told the jury it was negligence for the defendant to operate the train at a greater speed than twenty miles per hour at the crossing in question, and that, if such negligence killed the deceased, they should find the defendant guilty. This gave the plaintiff the full benefit of the ordinance sought to be introduced. Other similar instructions covered each point of negligence claimed by the plaintiff and ended with directions to find the defendant guilty. These instructions as to gates, watchman, speed, lights, etc., were not, and could not be, based on any common law theory, but outline specific duties required by statute or ordinance, and it was of no more importance to the plaintiff, so long as his theory of the case was fairly submitted to the jury, to have the ordinances and orders introduced, than to introduce the statute in regard to ringing a bell or blowing a whistle.

In *Fidelity and Deposit Company of Maryland* v. *Courtney*, 186 U. S. 342; 22 Sup. Ct. Rep. 833, the Supreme Court of the United States found that the trial court had erroneously excluded a certain document from evidence. The suit was on a surety bond guaranteeing the honesty of a bank president and the document sought to be introduced was a letter giving assurance by the cashier that the

president had up to date performed his duties in a satisfactory manner, and that he, the cashier, knew of no reason why the bond should not be continued in force. The court instructed the jury that if the bank knew of the president's default at the time the bond was extended, it would constitute a complete defense absolving the surety company from liability. The Supreme Court said, "As, therefore, the very question which the jury would have been called upon to determine if the certificate had been received in evidence was fully submitted to them and was necessarily negatived by their verdict, no foundation exists for holding that prejudicial error resulted from excluding the certificate." At another point in the opinion the court said, "But the fact that error was committed in the particulars just stated [referring to the exclusion of the letters] does not necessarily lead to a reversal, since it is the settled doctrine that, even if error has been committed, yet if it appears clearly from the record that such error was not prejudicial, the judgment cannot be disturbed."

To this doctrine we have long adhered, and have done so even in criminal cases of considerable gravity. Thus, in *People v. Stover,* 317 Ill. 191, and in *People v. Storer,* 329 id. 536, we pointed out that the object of reviewing a judgment by a court of appellate jurisdiction is not to determine whether the record is free from error, but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, upon a trial in which there has been no such error as might prejudice the rights of a party. In the case before us, we find it immaterial whether the orders and ordinances were properly or improperly excluded from evidence, because, under the evidence in the case and the court's instructions, plaintiff had the benefit of every contention which he made, and was accorded a fair trial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*