(No. 26129.—          )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BENJAMIN DOERK, Plaintiff in Error.

*Opinion filed June 13, 1941.*

SAMUEL L. GOLAN, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff in error, Benjamin Doerk, was convicted in the criminal court of Cook county of larceny by embezzlement. After overruling motions for a new trial and arrest of judgment, he was sentenced to the penitentiary. He has sued a writ of error out of this court to review the record. The grounds for reversal are, guilt was not proved beyond a reasonable doubt and prejudicial error in the admission of evidence.

The indictment charged plaintiff in error in various counts with embezzlement of property of the Lake View Court Apartments, Inc., which had been entrusted to him as bailee or as employee. One count charged larceny. The verdict was general and found the value of the property taken to be $4661.15.

K. L. Reinke was engaged in a real estate and insurance business and traded in stocks and bonds. He also managed apartment buildings for building corporations, including an apartment building owned by the Lake View Court Apartment, Inc. He was secretary and treasurer of this corporation but received no salary for such official position. Plaintiff in error was employed by Reinke and also held an official position as assistant secretary in the Lake View Court Apartment, Inc., for which he received a salary of $10 per month from the corporation. He received salary from other building corporations under Reinke's management and also a weekly compensation from Reinke paid from his personal account.

Reinke carried an account in the bank in the name "K. L. Reinke Special," in which the rentals collected from the "Lake View" building and other corporation buildings were deposited. There was also a "Lake View" corporation account into which Reinke was supposed to have deposited the rentals but it does not appear that any of them were so deposited. Reinke also had a personal account in the bank.

In the management of the Lake View Court Apartment, Inc., Reinke engaged Anna Martens as resident manager of the building. She collected the rentals from the tenants and delivered them to Reinke's office with a report as to the amount paid by each tenant. Plaintiff in error's duties included the receipting to Mrs. Martens for the amounts she collected. He prepared the deposit slips in Reinke's office and accompanied Mrs. Martens to the bank, she carrying the checks, currency and the deposit slip. At the bank she delivered these to plaintiff in error for him to make the deposits. It is conceded that this procedure was followed because the money in Mrs. Martens' hands was protected by robbery insurance while in plaintiff in error's it was not. It is stipulated that from May, 1939, to March 15, 1940, plaintiff in error receipted to Mrs. Martens for

$6854.67. From this he deposited in the K. L. Reinke Special account $2193.52, leaving a shortage of $4661.15. Some of the tenants paid by check, others in cash. All of the checks received by plaintiff in error from Mrs. Martens were deposited and all of the currency withheld.

When Reinke's books were audited in March, 1940, the auditor discovered the shortage in the "Lake View" corporation receipts and requested information explaining it. At this time plaintiff in error wrote Reinke a note and letter stating he was ill and that a medical examination had disclosed a tubercular condition. He said he would be absent from the office a few days until he regained his courage and strength. He did not say where he was going, but he drove to Florida where he was apprehended a few days later. His traveling companions were a married couple and a single woman.

Plaintiff in error concedes the K. L. Reinke Special account was short the amount stipulated but contends the shortage was brought about at Reinke's request. He testified to a conversation with Reinke in June, 1939, in which Reinke told him to withhold the currency from the special deposit account and to deliver it to him at the office. He testified that Reinke's reason for such request was that he wanted to increase the amount of his personal account. He said the money which he withheld from the special account was placed in Reinke's safe in the office and Reinke used it in his personal matters. He stated that on various occasions, at Reinke's request, he had withdrawn money from the safe and paid bills which Reinke had contracted in buying and distributing pro-Nazi and anti-Semitic literature. Reinke made positive denial of such conversations or that he authorized any such procedure.

The ownership of the property embezzled was alleged to be in the Lake View Court Apartment, Inc., a corporation. K. L. Reinke was not the corporation, but only the secretary-treasurer and employed as manager of the cor-

poration property. He had no right to misappropriate and convert to his own use the property of the corporation and he could not confer such right on plaintiff in error.

In *People* v. *Schueneman*, 320 Ill. 127, in a conviction for larceny by embezzling from a corporation, the defendant offered to prove he had withheld corporate funds from the corporate bank account at the request of the president of the corporation, and that the purpose of withholding was that the president wished to use such money for purposes which were illegal. It was held that such proof furnished no defense to the defendant but the facts proposed to be proved constituted a conspiracy between the defendant and the president of the corporation.

Plaintiff in error's contention that Reinke's directions as to the withholding the cash and his following such instructions excuses the taking of the money from the corporation is answered by what was said in the *Schueneman case, supra.*

Plaintiff in error contends it was not proved beyond a reasonable doubt that he concealed and converted the money to his own use. In support he cites *People* v. *Parker,* 355 Ill. 258, and *Ross & Co.* v. *Innis,* 35 id. 487. These cases have no application to the facts here. It is plaintiff in error's theory that since the duplicate deposit slips and the records in Reinke's office showed the amount collected, amount deposited and amounts withheld, that there was no proof of concealment or conversion. The money withheld from the bank account was the money of the corporation, and on plaintiff in error's own theory there was concealment from the corporation and a use made of the money which deprived the corporation from receiving it. It is the concealment of the taking of the property from the corporation that is the essential element of the crime charged and not the concealment from Reinke. Under the evidence in this case the guilt of the plaintiff in error was established beyond a reasonable doubt.

The court permitted the People to prove that the single woman who accompanied plaintiff in error and the married couple to Florida operated a dice game in a tavern in Chicago before she went to Florida, and that plaintiff in error had known her for a longer period of time than he admitted in his evidence. Considerable evidence was introduced in reference to acquaintanceship with this woman and questions were asked which implied immoral conduct between the plaintiff in error and this woman on the trip to, and while they were in, Florida. Without setting forth all the evidence and the rulings thereon, it is sufficient to say the court erred in some of its rulings but they were not prejudicial to plaintiff in error. On his own statement and stipulation, he was guilty and there was no evidence tending to raise any doubt of his guilt. The object of the review of judgments of trial courts is not to determine whether the record is free from error but is to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, after a trial in which no error has occurred which might be prejudicial to the defendant's rights. (*People* v. *Jorczak,* 366 Ill. 507; *People* v. *Nusbaum,* 326 id. 518.) A defendant who is fully proved guilty by his own confession has no right to complain of error in the trial, where the verdict of guilt has nothing to do with the fixing of the penalty or the grade of the crime. *People* v. *Stover,* 317 Ill. 191.

For the reasons assigned, the judgment of the criminal court is affirmed.

*Judgment affirmed.*