(No. 38389.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES TEDFORD BRINKLEY, Plaintiff in Error.

*Opinion filed November 19, 1965.*

THEODORE G. KOERNER III, of Park Ridge, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

James T. Brinkley and John Bell were jointly tried by a jury in the criminal court of Cook County and found guilty of having committed an armed robbery at a tailor shop operated by Benjamin Biegel in the city of Chicago. Brinkley, to whom we shall refer as defendant, seeks review contending: (1) that he was not proved guilty beyond a reasonable doubt; (2) that the trial court erred in exempting a police officer from an order excluding witnesses from the court room; and (3) that he was deprived of due process of law because his conviction was based in part upon admissions obtained from Bell at a time when the latter was without the effective assistance of counsel.

The prosecuting witness testified that on the morning of October 4, 1962, defendant and Bell came to his small, basement shop and left three shirts to be laundered. They returned two days later and, after being informed the shirts were not ready, Bell drew a gun and ordered Biegel to lock the shop door. Thereafter, Biegel was tied up and forced to lie on the floor in a back room, and although a coat was thrown over his head to obstruct his vision, he was aware that the intruders were ransacking the shop. After they had left, Biegel freed himself and summoned the police. Several

garments were missing along with $62.20 from the cash register.

Following the incident Biegel kept the screen door of the shop locked and on October 22, 1962, about 8:00 A.M., he heard someone at the door. On investigating he saw the defendant and Bell, and when the former represented that he had come to pick up a bundle of clothing, Biegel told him the clothing was not ready and refused to open the door. The police were again summoned and a short time later, based upon descriptions given by Biegel, defendant and Bell were arrested in an alley a short distance away. They were returned to the shop at which time the complaining witness positively identified them as the men who had robbed him on October 6, 1962.

At the police station defendant and Bell consistently denied their guilt. Charles Sedlacek, the arresting officer, testified that both also denied they had ever been in the tailor shop, but that Bell changed his story and stated he had been there on October 4 to leave some laundry and that he had returned on October 22, just prior to his arrest, to pick it up. Detective Joseph Busich, who questioned the men on another occasion, testified Bell admitted that he had gone to the shop on October 6 to see if his shirts were ready, but said he had departed when he learned they were not finished. Defendant, it appears, maintained during the questioning that he had never been to the shop.

Bell, who was the sole witness for the defense, testified that he had gone to the shop on October 4, 6, and 22 in connection with the shirts; that defendant was with him on the first and last occasions; and that he, Bell, was alone on October 6 and had left the shop when he was told the shirts were not ready.

Where the identification of an accused is at issue in a criminal case, we have constantly reiterated the rule that the testimony of one witness is sufficient to convict, even though such testimony is contradicted by the accused, pro-

vided the witness is credible and viewed the accused under such circumstances as would permit a positive identification to be made. (*E.g., People* v. *Solomon,* 24 Ill.2d 586; *People* v. *Tunstall,* 17 Ill.2d 160.) Here, it appears that the complaining witness viewed the defendant and his companion on three different occasions under such favorable conditions as would permit him to know and identify them. To defeat the rule, and in support of his claim of reasonable doubt, defendant urges that inconsistencies in Biegel's testimony renders him unworthy of belief, and further that the identification lacks "weight and credibility" because Biegel did not select defendant from a lineup of several persons. Neither contention has merit. As to the first, the inconsistencies were minor and appear to have arisen, to a degree, from language difficulty; but, more important, none relate to the witness's identification of defendant which was positive and unhesitating. (*Cf. People* v. *Brown,* 29 Ill.2d 375; *People* v. *Gratton,* 28 Ill.2d 450.) As to the second, there is no requirement in the law that an accused must be placed among a group of persons for the purpose of testing the ability of a witness to identify him as the guilty person, (*People* v. *Crenshaw,* 15 Ill.2d 458,) and where an accused is not selected from a group, such circumstance does not render evidence of identification incompetent, but only affects its weight. (*People* v. *De Suno,* 354 Ill. 387.) Under the circumstances reflected in the present record, the fact that defendant was not selected from a lineup is of no moment and does little to detract from the weight of the identification. It was up to the jury to determine the credibility of the witness, and we see no reason for disturbing the verdict.

Nor did the trial court err in permitting detective Busich to remain in the courtroom during the trial. It has been established by numerous decisions that it is not reversible error for a trial judge in the exercise of sound judicial discretion to exempt a police officer from an order excluding

all witnesses in the absence of a showing of prejudice to the defendant. (*People* v. *Miller*, 26 Ill.2d 305; *People* v. *Chennault*, 24 Ill.2d 185.) Here no prejudice has been shown since the substance of Busich's testimony was that defendant had at all times denied both his guilt and his presence at the tailor shop on any occasion.

Based upon *Escobedo* v. *Illinois*, 378 U.S. 478, 12 L. ed. 2d 977, defendant contends that he was denied due process of law when Busich was permitted to testify that Bell had admitted during questioning that Bell, in fact, had visited the tailor shop on October 6, the day of the robbery. Defendant's theory is that the statement was inadmissible because it was made at a time when Bell was without the assistance of counsel, and that he, defendant, is entitled to the benefits of the *Escobedo* rule because the testimony as to the admission tended to prejudice him. This theory is untenable in several respects. First, *Escobedo* involved a pretrial confession introduced into evidence, while in this case no confession of guilt was made or introduced. Second, as we held in *People* v. *Hartgraves*, 31 Ill.2d 375, the rule in *Escobedo* is not operative unless a request for counsel is made and refused, and there is no showing here that Bell's questioning was attended by such circumstances. (See also: *People* v. *Golson*, 32 Ill.2d 398; *People* v. *Lewis*, 32 Ill.2d 391.) Finally, neither Bell's pretrial admission that he had gone alone to the tailor shop on the day of the robbery nor his testimony at the trial implicated defendant. Therefore, there is no basis for the claim that prejudicial error occurred.

The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*