**People of the State of Illinois, Appellee, v.
Robert L. Haywood, Appellant.**

Gen. No. 50,464.

First District, Second Division.

June 21, 1966.

Frank J. Merrill, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of
Chicago (Elmer C. Kissane and Stuart P. Shapiro, As-
sistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

Included in this case is a writ of error to the Criminal Court of Cook County for a review of a finding of guilty as to Robert Haywood, the same defendant under Indictment 62–929, which consisted of one count for robbery.

Defendant pleaded not guilty to the indictment and waived trial by jury. He was tried by the court and found guilty as charged. The sentence was to run concurrently with the sentences given for his convictions under Indictment 62–928, which was tried immediately before the instant trial by the same judge.

It is the theory of the plaintiff in error that the State failed to prove beyond a reasonable doubt that he is the one who committed the alleged act. Mrs. Hodges, who was the complaining witness, testified that on March 22, 1962, she entered the vestibule of her apartment building at 449 East 81st Street, in Chicago, Illinois. As she started to open her mailbox the plaintiff in error came and stood against the outer door. They looked at each other for about two seconds. When he entered he had his right hand in his pocket and his black jacket pulled halfway over his face. The ceiling light was turned on at the time. When the assailant walked towards her she grabbed his jacket and pulled it down. They wrestled there for about three or four seconds. She broke loose and commenced pounding on the door and calling the lady on the first floor. At that time the assailant turned around and took her purse and ran out. She identified Robert Haywood in the courtroom as her assailant.

Her purse contained a $20 bill and $2 in change. It also contained various papers including identification papers and charge plates. After the incident in the vestibule she went upstairs and called the police; two officers arrived in about ten minutes. On March 31, 1962,

she saw the plaintiff in error in a police lineup and pointed him out to Lt. Riordan.

She testified that Haywood told the Lieutenant that he did not commit the alleged act. He said that his friend, Clyde, did it. Haywood further told the Lieutenant that Clyde wore his hair the same way as Haywood did and that Clyde had borrowed his black jacket. He said that Clyde looked like him. Mrs. Hodges further stated that Haywood said that he had seen her papers from the wallet that Clyde had stolen. She also testified that the only thing different about Haywood's appearance in court was that the hair on the assailant was "processed higher."

She identified the man in a lineup on March 30, 1962, and completed her identification on March 31, 1962.

■■■■ It is well settled that a positive identification by one witness is sufficient for conviction even though the testimony is contradicted by the defendant, provided the witness is credible and viewed the defendant under circumstances that permit positive identification. People v. Brinkley, 33 Ill2d 403, 211 NE2d 730 (1965). It is the province of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony and the court's judgment will not be disturbed unless it is based on clearly unsatisfactory and improbable evidence which leaves a reasonable doubt of the defendant's guilt. People v. Neiman, 30 Ill2d 393, 197 NE2d 8 (1964).

■■■■ The trial court in the present case believed Mrs. Hodges' interpretation of the circumstances under which she identified defendant as the man who robbed her. The identification was positive and there was no reasonable doubt of defendant's guilt. The judgment is affirmed.

Judgment affirmed.

LYONS and BURKE, JJ., concur.