**People of the State of Illinois, Plaintiff-Appellee, v. Jack Keathley, Defendant-Appellant.**

**Gen. No. 52,643.**

First District, Fourth Division.

April 9, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Nunzio Tisci and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant was found guilty at a bench trial of the crime of robbery.* Judgment was entered and a sentence of not less than one nor more than four years in the Illinois State Penitentiary was imposed. On appeal defendant's sole contention is that he was not proven guilty of robbery beyond a reasonable doubt.

EVIDENCE

Testimony of Maxine Childress, the complaining witness:

She is 22 years old and unmarried. On September 12, 1966, she worked from 7:30 a. m. to 4:00 p. m. at her regular job at Bell & Howell. She then worked at her part-time job in a drugstore until 11:00 p. m. Immediately thereafter she went to the Star Club, a nearby tavern, to meet her brother. She was at the bar when the defendant came up to her and said, "Hi." She did not respond and he returned to his game of pool. Defendant then approached her again and said, "Hi, how are you." She did not reply; and he said, "Drink your drink and let's go." She said, "Where are we going?" but he did not anwer. At this point the bartender, Johnny, came

---

* Robbery is defined in the Criminal Code, Ill Rev Stats 1965, c 38, § 18–1:

§ 18–1. Robbery.

(a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.

over and started talking to the defendant, and she sneaked out of the bar.

The lighting conditions in the Star Club were very bright by the pool table where the defendant was playing pool. She got a good look at his face.

She went next door to the Red Rooster, another tavern. She knows the bartender there, Skeeter, but she did not get to talk to him because the defendant came up behind her, spilled her drink, and said, "Drink your g— d— drink and let's go." He kept repeating, "Let's go." She saw a "metal thing" on his arm. He took her by the arm and quickly walked her out of the tavern.

They went out into the street where she saw a police officer whom she knew, sitting in a police car. She started to speak to him and defendant told her to keep her mouth shut. They walked down Winthrop Avenue and as they approached the Delmar Hotel defendant grabbed her purse, took her by the head, and knocked her down. He had her purse and was holding her by the hair; he pulled her up from the concrete by the hair and into a gangway adjacent to the hotel. He hit her over the head with her purse; she pushed him and started to run. He grabbed her again, pulled her back into the gangway and threatened to cut off her head. She hit him, he pushed her, she pushed him back and then started to run. She ran into the Delmar Hotel and reported the incident.

The police were called and they found her shoes and bottom set of teeth in the gangway. They did not find her purse. She described her assailant as a "white man with black hair and a missing front tooth, about five-eleven or six feet, perhaps 180 pounds." She was taken to Weiss Memorial Hospital where they treated her foot and removed a stone from her eye.

Six days later some policemen brought her some pictures. She picked out the defendant's picture as the man who had attacked her. Several days later she identified the defendant in person at the police station.

Testimony of Detective William Alexander, called by the State:

He interviewed the complaining witness and got a description of her assailant. She said that he was wearing a metal device on his arm which was held on by gauze.

He arrested the defendant. At the time of arrest the defendant did not have a metal device on his arm.

Testimony of Jack Keathley, defendant:

He did not commit the crime of robbery against the complaining witness. He is not guilty of the crime.

He has never had a broken arm; he did not sustain any injury to his arm during the month of September. He did not wear a bandage during the month of September at any time.

He has been in the Star Club and the Red Rooster on previous occasions but did not see the complaining witness on the evening of September 12, 1966, or in the early morning hour of September 13, 1966.

OPINION

The defense argues that the defendant was not proven guilty of robbery beyond a reasonable doubt. They argue that the complaining witness's story is a complete fabrication and point out that there is no corroborating evidence even though ample support should have been available from the bartenders at the Star Club and the Red Rooster taverns. The defense argument severs into two basic points: (1) there is not sufficient evidence of the commission of a robbery; and (2) there is not sufficient evidence that the defendant committed the robbery.

█ The testimony of the complaining witness that her purse was taken by force is uncontradicted and we cannot say that her story is improbable or implausible. We hold that the evidence sufficiently establishes a robbery of the complaining witness.

█ █ There then remains the question of the identity of the robber. The complaining witness gave the police a

description of her assailant; several days later she picked defendant's picture from a series of pictures shown her; she later identified the defendant at the police station; and she also identified the defendant at the trial. It is well established that where the identification of an accused is at issue in a criminal case the testimony of one witness is sufficient to convict, even though such testimony is contradicted by the accused, provided that the witness is credible and viewed the accused under such circumstances as would permit a positive identification. People v. Brinkley, 33 Ill2d 403, 405–406, 211 NE2d 730. And where the court in a bench trial believes the witness to be positive and credible, a reviewing court will not reverse or substitute its own judgment even though the accused denies the charge. People v. Chambliss, 69 Ill App2d 459, 467–468, 217 NE2d 422. In the instant case the complaining witness had an excellent view of the accused at the well lit pool table in the Star Club and she had another opportunity to observe him at the Red Rooster.

Defendant denies any complicity in the crime and claims that he was not in either the Star Club or the Red Rooster on the night of the crime. His denial, however, is not sufficient to overcome the positive identification of the complaining witness. People v. Brinkley, 33 Ill2d 403, 211 NE2d 730; People v. Chambliss, 69 Ill App2d 459, 217 NE2d 422. Further, defendant offers no explanation of his whereabouts on the night in question. In essence he has offered a denial without an alibi. After examining the entire record we hold that there was sufficient evidence to convict the defendant of robbery beyond a reasonable doubt.

Affirmed.

ENGLISH and McNAMARA, JJ., concur.