**People of the State of Illinois, Plaintiff-Appellee, v. William Garrett, Defendant-Appellant.**

**Gen. No. 52,942.**

First District, First Division.

July 2, 1969.

Donald J. Spero, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and L. Michael Getty, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a bench trial in Cook County, Illinois, defendant was found guilty of theft of property of a value in excess of $150, in violation of chapter 38, section 16–1(a) of the Ill Rev Stats 1965. Defendant was sentenced to the penitentiary for a term of two to six years.

The indictment on which defendant was convicted alleged that the defendant "obtained and exerted unauthorized control over an automobile" belonging to Mary Koll while within Cook County, Illinois. On appeal defendant contends that the State failed to prove that the offense was committed in Cook County, as alleged in the indictment.

On April 26, 1967, at approximately 2:00 a. m., it was discovered that a 1967 Oldsmobile, valued in excess of $150 and owned by Mary Koll, was taken without authority from the premises of Humphrey Chevrolet in Evanston, Cook County, Illinois. On April 27, 1967, and while driving the stolen automobile, defendant was arrested in Waukegan, Lake County, Illinois, by Waukegan police officers.

At the trial it was stipulated that the subject automobile was taken in a burglary on April 26, 1967, from a location in Evanston, Cook County, Illinois. A witness

for the State testified that defendant was arrested in Lake County while driving the stolen car. Defendant testified and admitted that he was driving the car in Waukegan. In an explanation of his possession of the stolen car, he stated he borrowed it from a friend in Waukegan, and also that he had purchased the car for $500 on April 26, 1967, and "I gave the guy $200, but I hadn't bought it. I was supposed to give him some more money on it."

The trial court found defendant guilty of theft of property of a value in excess of $150 "in manner and form as charged in the indictment in this cause."

Defendant contends that the indictment alleged the theft was committed in Cook County, and therefore it was necessary for the State to prove that the defendant committed the theft in Cook County. Defendant asserts there was no evidence showing that he was observed or committed any act in Cook County at any time and therefore his conviction should be reversed. Defendant's authorities include Dougherty v. People, 118 Ill 160, 163, 8 NE 673 (1886):

> "The principal is as well settled as is any other applicable to criminal trials, that where the record brought to this court on writ of error, in a criminal case, purports to contain all the evidence given on the trial below, it must appear affirmatively, from the evidence, that the offense charged was committed in the county alleged in the indictment, otherwise a judgment of conviction will be reversed. Rice v. The People, 38 Ill 435; Jackson v. The People, 40 Ill 405; Sattler v. The People, 59 Ill 68."

The State contends that venue was established in Cook County through a combination of both direct and circumstantial evidence. Authorities cited include People v. Pride, 16 Ill2d 82, 86, 156 NE2d 551 (1959):

65

"The defendant contends that venue was not proved in this case, and, therefore, the conviction must be reversed and the cause remanded. It is a well established rule that the charge that a crime was committed in a particular county is a material averment and must be proved to sustain a conviction. . . .

"In many of its earlier decisions this court adhered to a technical view and insisted upon positive and strict proof of venue precisely as alleged. . . . Applying the rationale of these earlier decisions the evidence in this case would not be sufficient to establish venue. We believe, however, that a more practical and realistic approach was used in People v. Long, 407 Ill 210. It was there held that venue is proved when the evidence leads to the rational conclusion without reasonable doubt that the crime was committed in the county where the trial was held."

■ We think this case comes within the rule "that the possession of stolen property, the proceeds of a burglary or larceny, soon after the commission of the offense, is evidence of the guilt of the person or persons in whose possession it is found and is sufficient to warrant a conviction unless such possession is explained or unless there appears from all the evidence a reasonable doubt of the defendant's guilt." People v. Bennett, 3 Ill2d 357, 363, 121 NE2d 595 (1954).

■ ■ Where a cause is tried by a court without a jury, the determination of the credibility of the witnesses and the weight to be given their testimony is committed to the trial judge. In the instant case it is obvious that defendant's explanation of his possession of the stolen car was inherently improbable and was disregarded by the court as unworthy of belief. The rejection

66

of defendant's explanation of possession of the recently stolen automobile led "to the rational conclusion without reasonable doubt" that defendant committed the theft in Cook County, where the trial was held. From our examination of the entire record, all the elements of the offense of theft, committed in Cook County, as charged, were proved beyond a reasonable doubt.

We conclude that the finding of guilt of theft in the instant case is not "palpably contrary to the weight of the evidence," nor is the evidence "so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt." (People v. Hicks, 362 Ill 238, 246, 199 NE 368 (1935).) Therefore, the judgment of the trial court must be affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.