**People of the State of Illinois, Plaintiff-Appellee, v. Thomas L. Hill, Defendant-Appellant.**

**Gen. No. 53,615.**

First District, Fourth Division.

March 11, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard Zulkey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

After waiving trial by jury, defendant was found guilty of theft of an automobile and sentenced to serve not less than two nor more than three years. He appeals. The only issue in this court is whether defendant was proven guilty beyond a reasonable doubt.

On April 15, 1968, David M. Cargill, 3811 North Hermitage, Chicago, was the owner of a white 1963 Chevrolet Corvette. About 6:00 in the evening he parked, locked and left the car in front of his house. The next morning when Mr. Cargill looked, the car was gone.

April 17, 1968, at about 11:45 p. m. three Chicago policemen were in an unmarked 1965 Plymouth automobile. They were in civilian dress. They saw a white Corvette traveling west on 85th Street and then north on Elizabeth at a high rate of speed. The officers followed the car, curbed it under a streetlight at 8240 South Elizabeth and turned on a high-intensity lamp that had the capacity to light up a city block. A man got out of the Corvette, crossed from the west to the east side of Elizabeth, turned and laughed at the officers saying, "Officer, you have your headlights out." When he spoke, the man was about 30 feet from the officers. He then ran up a well-lit gangway, and escaped the pur-

suing officers by running east on 83rd Street. According to Officer James Martin Dewan, who testified for the prosecution, the man was the defendant Thomas L. Hill.

Officer Dewan and his fellow policemen returned to the Corvette; and after a check, discovered it was the stolen vehicle of David M. Cargill. The car was driven to a Chicago police station, where it was claimed by its owner during the early morning hours of April 18. A short time later defendant was arrested and indictment followed. At his trial, two witnesses testified for the prosecution: David M. Cargill and Officer Dewan. Defendant did not testify; nor did he offer any evidence.

To support his contention that he was not proven guilty beyond a reasonable doubt, defendant argues that he was not properly identified and that his conviction based thereon is therefore unconstitutional and void. The predicate for this argument is the testimony of Officer Dewan, who identified defendant in court. Defendant points out that Dewan did not arrest him until some time after April 18 at a hospital, where he was being treated for gunshot wounds. No lineup was conducted by the police; and this, defendant argues, made the in-court identification worthless.

This argument seeks to avoid the importance of Officer Dewan's testimony which described how he and his two fellow officers followed the white Corvette northbound on Elizabeth until it was curbed. Dewan said that from the time the officers first saw it, they kept the car in view, not more than 40 feet in front of them. The man whom he identified as the defendant was no more than 30 feet in front of them when he alighted from the stolen vehicle. Dewan said defendant stopped, looked at them and spoke. Focused on defendant at the time was a high-intensity lamp capable of brightly lighting a city block. Defendant then ran up a well-lit gang-

way with the officers in pursuit. When he testified on direct, Officer Dewan attempted to say, and on cross-examination explained, that he and his fellow officers had with them a picture of the defendant from which they recognized him. The cross-examination did not shake Officer Dewan from his testimony. Defendant complains that Officer Dewan's identification testimony was not based on a police lineup.

██ Our law does not require a lineup to insure identification of a defendant. People v. Brinkley, 33 Ill 2d 403, 211 NE2d 730; People v. Sutton, 110 Ill App2d 232, 249 NE2d 215. It is true that an identification procedure can be so suggestive and conducive of mistaken identity that it will deny defendant due process of law. Stovall v. Denno, 388 US 293, 18 L Ed2d 1199, 87 S Ct 1967 (1967); People v. Bey, 42 Ill2d 139, 246 NE2d 287. However, the record before us shows that Officer Dewan saw defendant and recognized him at the time of the chase. The identification testimony of Officer Dewan is not subject to defendant's constitutional attack. People v. Cook, 113 Ill App2d 231, 252 NE2d 29.

█ It is well established that in a case tried without a jury, determination of the credibility of the witnesses and the weight to be given their testimony is committed to the trial judge. People v. Garrett, 113 Ill App2d 63, 251 NE2d 749. The positive identification of one credible witness, as is the case here, is sufficient for conviction. People v. Boney, 28 Ill2d 505, 192 NE2d 920; People v. Moore, 104 Ill App2d 343, 244 NE2d 337. The testimony of Officer Dewan adequately meets these tests.

Defendant next argues that he was not proven guilty beyond a reasonable doubt because Officer Dewan was impeached by his testimony before the Grand Jury. Officer Dewan was cross-examined about what he told the Grand Jury concerning the events on which he based his identification of the defendant. It appears that before

the Grand Jury, Officer Dewan did not describe the use of the high-intensity lamp about which he testified at trial. Instead, he emphasized the photograph he and his fellow officers had which he said was a factor in his identification of the defendant.

Additionally, defendant seizes on the fact that in his trial testimony, Dewan admitted he could not describe the clothing defendant wore except to call it casual. These features of Officer Dewan's testimony, defendant argues, make the identification evidence so unsatisfactory that it raises a reasonable doubt of defendant's guilt.

The sufficiency of identification testimony is ordinarily a question of fact; and the trial court's findings will not be upset on review unless the testimony is so unsatisfactory that it creates a reasonable doubt concerning guilt of the accused. People v. Brown, 86 Ill App2d 163, 229 NE2d 922. Minor discrepancies in the testimony of a witness go only to the weight to be given that testimony. People v. Parker, 98 Ill App2d 146, 240 NE2d 475. It is our judgment that Officer Dewan's testimony was not unsatisfactory; that the evidence leaves no reasonable doubt of defendant's guilt. Judgment is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.