THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANKIE JOHNSON, a/k/a CHARLES HOWARD, Defendant-Appellant.

(Nos. 56336, 56337 cons.;

First District—June 8, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Thaddeus L. Kowalski and Ronald P. Katz, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, James S. Veldman, and John O'Rourke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with attempt theft and battery. After a bench trial, he found guilty of both charges and sentenced to six months on each charge, the sentences to run concurrently. On appeal defendant's sole contention is that the concurrent sentences were invalidly imposed because he was convicted of two offenses which arose from the same act or transaction.

The complaining witness was asleep in his locked car with the windows cracked about an inch. He woke up to find two people in the car. One, subsequently identified as defendant, was choking him and the other was trying to steal his wallet. The victim managed to free himself, jump out of the car and call for help. A nearby police officer came immediately and placed defendant and another individual under arrest.

Defendant concedes on appeal that the evidence adduced at trial was sufficient to sustain both convictions. However he contends that both offenses arose from the same act and that, therefore, the trial court could not impose two sentences. Ill. Rev. Stat. 1971, ch. 38, par. 1—7 (m).

We believe that three recent Illinois holdings are dispositive of the issue. In *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, defendant was convicted of aggravated battery and attempt robbery. In that case, defendant threw the victim to the ground and said, "Give me the money." The Supreme Court reversed the aggravated battery conviction because both offenses arose out of the same conduct. The court determined that nothing in the record indicated that the conduct which constituted aggravated battery was independently motivated or otherwise separable from the acts which constituted attempt robbery.

In *People v. Boyd*, 105 Ill.App.2d 345, 245 N.E.2d 587, this court reversed a conviction for aggravated battery where defendant had been convicted of attempt robbery and aggravated battery. The facts indicated that defendant had beaten the victim when he refused to give defendant money. The court held that both offenses were part of the transaction. Most recently, this court reversed a conviction for aggravated battery where defendant had been convicted of that charge and of armed robbery. (*People v. Miller*, 2 Ill.App.3d 206, 276 N.E.2d 395.) In *Miller*, the victim testified that one defendant struck him with a gun. He was then beaten by the other defendant, kicked by the first and his wallet was taken by the other defendant. In finding that both offenses arose out of the same transaction, the court noted that the force used by defendants was to effectuate a robbery and was not a separate and distinct offense.

■■ Under the foregoing principles, it seems apparent that the offenses in the instant case arose from the same conduct. There is nothing in the instant record to suggest that the conduct which constituted battery was

independently motivated or otherwise separable from the conduct which constituted attempt theft. The motivation for the conduct obviously was theft and the battery was merely part of the course of conduct which was directed to the accomplishment of the theft.

■■ Under circumstances where defendant is convicted of multiple offenses which arose from a single act, we must vacate the sentence for battery which is the less serious offense. Accordingly, the judgment of conviction for attempt theft is affirmed, while the judgment of conviction for battery is reversed.

Affirmed in part; reversed in part.

McGLOON, P. J., and DEMPSEY, J., concur.