THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MALCOLM HUEY, Defendant-Appellant.

(No. 58452;

First District (4th Division)—January 16, 1974.

James J. Doherty, Public Defender, of Chicago (Lee T. Hettinger, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Barry Rand Elden, and John E. Maloney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Malcolm Huey was charged in complaint No. 72 MC1 J863476 with misdemeanor theft. On October 6, 1972 he was found guilty in a bench trial and sentenced to one year at the Illinois State Farm at Vandalia. The only issue presented for our review is whether the State failed to prove him guilty of theft beyond a reasonable doubt.

The complainant, Joseph M. Friedman, testified at the trial that he was in the vicinity of 1756 West Lake Street in Chicago at approximately 12:45 P.M. on August 22, 1972, when he was attacked from behind. The assailant forced Mr. Friedman to the ground and removed $15 from his right-hand pocket. Friedman looked up from the ground and saw his attacker, a male Negro wearing dark clothing, run away. Friedman got up off the ground and started to run after the man who had attacked him.

After Friedman had chased the attacker for about half a block, Police Officer Thomas Rich arrived on the scene. According to Officer Rich, he observed a male Negro run approximately five feet in front of his squad car. The man was wearing a maroon tee-shirt and a pair of blue pants

with maroon pockets and maroon at the bottom. Friedman, who was running behind the man, was yelling that he had just been robbed and pointing to the individual that he was chasing. Officer Rich immediately pulled the squad car to the curb, jumped out, and chased on foot the man Friedman had pointed out until he disappeared into a housing complex at 140 North Wood Street.

About 25 minutes later, Officer Rich saw the man he had chased about a block from the building into which he had fled. The man was wearing the same clothing as before and carrying a hat. The policeman immediately arrested and searched the man. At trial, Officer Rich positively identified the man whom he had chased and subsequently arrested for the theft of Friedman as the defendant, Malcolm Huey. Officer Rich stated that he based his identification of Huey upon the "good look" he had at the defendant's face as he ran in front of the squad car during the chase and the clothing—maroon tee-shirt, blue pants with maroon pockets and maroon at the bottom—that Huey was wearing. Officer Rich further testified that, when the defendant was told to get into the squad car for questioning, Huey replied that he did not rob anyone and that the money was his. Thereupon, according to Officer Rich, Huey threw $47 in cash out of the window of the police car.

Huey denied committing the theft. He testified that he had just awakened, came outside, and was standing on Wood Street with two friends when he was arrested. He stated that he had seen Officer Rich earlier that morning, speeding down Wood Street in a squad car, as he (Huey) entered a building at 140 North Wood Street. Huey denied throwing any money out of the car window and claimed that the money fell out of his pocket on to the ground when the police forced him into the squad car.

Larry Polly testified on behalf of defendant that he was with Huey from about 9 A.M. on August 22, 1972 until Huey's arrest except when Huey went alone into the housing complex at 140 North Wood Street. Polly and Donald Shields, who was also present when Huey was arrested, both testified that they saw no police activity in the area before Huey's arrest.

In this appeal, Huey argues three points in support of his contention that the State failed to prove him guilty of theft beyond a reasonable doubt: (1) The complainant was completely incapable of identifying defendant as the perpetrator of the crime; (2) Officer Rich's identification testimony was doubtful, uncertain and lacked credibility; (3) the defendant's alibi was plausible and uncontradicted and the surrounding circumstances were consistent with his innocence.

The complaining witness, Joseph Friedman, testified at the trial that

he could not identify the defendant as the man who robbed him because he was attacked from behind and did not see the thief's face during the robbery or the subsequent chase. However, Friedman testified that he chased the thief for about one block immediately after the robbery and then pointed out the fleeing offender to Officer Rich, who continued the chase. According to Rich, the defendant was definitely the man whom he chased into the housing complex and subsequently arrested for the theft.

■■ It is undisputed in Illinois that where the identification of the accused is at issue, the testimony of one witness is sufficient to convict, even though such testimony is contradicted by the accused, provided the witness is credible and he viewed the accused under such circumstances as would permit a positive identification to be made. *People v. Stringer* (1972), 52 Ill.2d 564, 569, 289 N.E.2d 631, 634; *People v. Brinkley* (1965), 33 Ill.2d 403, 406, 211 N.E.2d 730, 732; *People v. Washington* (1962), 26 Ill.2d 207, 210, 186 N.E.2d 259, 261; *People v. Mack* (1962), 25 Ill.2d 416, 421, 185 N.E.2d 154, 156; *People v. Cox* (1961), 22 Ill.2d 534, 539, 177 N.E.2d 211, 214.

■■ Huey argues, however, that Rich's identification of him as the perpetrator of the crime was doubtful and lacked credibility because the conditions under which Rich observed the fleeing offender did not permit a positive identification to be made. We cannot agree. Officer Rich testified that he got a good look at the offender's face from a distance of about five feet; the observation of the unmasked offender was made during daylight hours; and the defendant was wearing the same distinctive clothing worn during the chase when he was arrested some 25 minutes later. Moreover, a reviewing court may not substitute its judgment for that of the trier of fact on questions involving the credibility of the witnesses or the weight of the evidence. (*People v. Stringer* (1972), 52 Ill.2d 564, 568, 289 N.E.2d 631, 634; *People v. Nicholls* (1970), 44 Ill.2d 533, 540, 256 N.E.2d 818, 822.) The circumstances surrounding the identification were vigorously argued at trial. The trier of fact concluded that Officer Rich had a sufficient opportunity to positively identify Huey as the offender, and we will not substitute our judgment for that of the trial court.

Finally, defendant urges us to reverse his conviction on the ground that his alibi was plausible and uncontradicted and the surrounding circumstances were consistent with his innocence. Defendant's alibi at trial was that he had been with two friends during the morning of the theft. Larry Polly testified that he had indeed been with Huey during the morning in question. However, both Polly and Huey acknowledged that they were separated for a period of time when Huey entered a building at 140 North Wood Street without Polly.

■■ The trial court was not obligated to believe the alibi testimony over the positive identification testimony of Officer Rich based upon a sufficient opportunity to observe the offender. Rich's testimony, if believed by the trier of fact, was sufficient to sustain the conviction even though it was in conflict with the testimony of alibi witnesses. *People v. Mays* (1971), 48 Ill.2d 164, 170, 269 N.E.2d 281, 284; *People v. Setzke* (1961), 22 Ill.2d 582, 586, 177 N.E.2d 168, 170; *People v. Lamphear* (1955), 6 Ill.2d 346, 356, 128 N.E.2d 892, 897.

We will not disturb a finding of guilty unless the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt of the guilt of the defendant. (*People v. Mays* (1971), 48 Ill.2d 164, 170, 269 N.E.2d 281, 284; *People v. Scott* (1967), 38 Ill.2d 302, 306, 231 N.E.2d 441, 443; *People v. Washington* (1963), 27 Ill.2d 104, 110, 187 N.E.2d 739, 742.) The arresting officer's identification of the defendant as the perpetrator of the crime was positive and his testimony was credible. The evidence in this record does not warrant our setting aside the verdict of the trial court.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.