THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM TURNER *et al.*, Defendants-Appellants.

(No. 58811; )

First District (4th Division)—April 24, 1974.

James J. Doherty, Public Defender, of Chicago (William Lebovitz and Bernard L. Schwartz, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Roger L. Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

William Turner, James H. Green, and Bobby Davis were found guilty in a bench trial of two counts of armed robbery. Turner was also found guilty of unlawful use of a weapon. Davis and Green received 5-to-8-year concurrent sentences on the robbery counts. Turner was sentenced to

concurrent terms of 6 to 12 years for armed robbery and 1 to 5 years for unlawful use of a weapon.

James H. Green and William Turner have brought the present appeal. The issues presented for our review are whether the identification of Green was sufficient to establish his guilt beyond a reasonable doubt and whether the sentences imposed by the court were excessive.

The trial testimony established that, at approximately 1:15 A.M. on December 19, 1971, three men entered a tavern at 3000 South Canal. One of the men carried a sawed-off shotgun and the other two were armed with revolvers. After emptying the cash register of its contents, the three men herded the patrons toward the rear of the tavern. One of the patrons, Carmen Megaro, said that he was hit over the head with a gun when he moved slowly. Another patron, Willard Olson, stated that he slipped out of the tavern and called the police from a nearby house.

Carole Diehl testified that, 5 minutes prior to the robbery, she went outside the tavern to get her dog from the car and saw a white Ford 1961 to 1964 station wagon with large taillights parked in front of her car. According to Mrs. Diehl, three males were sitting in the car.

Police Officer Charles Parrillo testified that he responded to a robbery in progress call and arrived at the tavern by approximately 1:22 A.M. The officer obtained a description of the three men and the station wagon observed near the tavern and then sent a flash message to other police cars located in the zone that three males believed to be in a white Ford station wagon, year 1961 to 1964, with large taillights, were wanted for armed robbery.

Police Officer Dennis McGuire testified that he stopped a vehicle which matched the description of the station wagon in the flash message at 51st Street and Princeton at about 1:25 A.M. According to Officer McGuire, a revolver was found in the right coat pocket of the driver, whom the officer subsequently identified as defendant James H. Green. The officer identified defendants William Turner and Bobby Davis as the other occupants of the station wagon. A sawed-off shotgun and one expended shell were taken from the station wagon.

Police Officer Edward Knizer testified that he was patrolling in the squad car with Officer McGuire when they stopped the station wagon in which the defendants were riding. The officer further stated that he observed a shotgun on the front seat when Turner exited from the station wagon. According to Officer Knizer, five shotgun shells were found on Turner, and a cigar box containing some money and checks were recovered from the station wagon.

At trial, Leo Janush, the owner-bartender of the tavern, identified William Turner as the man who carried the shotgun during the robbery.

Janush testified further that the cigar box recovered from the station wagon looked like the one taken from his tavern and that a check found inside the cigar box was one he had cashed earlier for a patron.

Carmen Megaro identified Turner as the man who hit him on the head with the shotgun. Turner was also identified as a participant in the robbery by Robert Neuman, Carole Diehl, and James Diehl, all of whom were tavern patrons present during the robbery. Neuman also identified Bobby Davis as a participant in the crime.

James Diehl was the only tavern patron who identified James H. Green. Diehl testified that he asked Green's permission to hold his dog during the robbery so that the dog would not be shot and Green replied, "Yes, hold the dog." Diehl further stated that Green was armed with a gun during this conversation, that Green then jumped behind the bar, pointed the gun at Janush and demanded the cash. Janush replied that he didn't have it, according to Diehl, and Green then came back around the bar and ordered everyone to the rear of the tavern.

Defendants contend in this appeal that the evidence identifying Green as a participant in the robbery was insufficient to establish his guilt beyond a reasonable doubt. They note that Green was identified by only one eyewitness, James Diehl, and argue that it is "likely" Diehl was focused upon the gun pointed at him and the safety of his dog rather than the characteristics of the assailant.

■■ It is well settled in Illinois that the testimony of one witness is sufficient to convict provided that the witness is credible and he viewed the accused under such circumstances as would permit a positive identification to be made. *People v. Stringer* (1972), 52 Ill.2d 564, 569, 289 N.E.2d 631, 634; *People v. Brinkley* (1965), 33 Ill.2d 403, 406, 211 N.E.2d 730, 732; *People v. Washington* (1962), 26 Ill.2d 207, 210, 186 N.E.2d 259, 261; *People v. Mack* (1962), 25 Ill.2d 416, 421, 185 N.E.2d 154, 156; *People v. Cox* (1961), 22 Ill.2d 534, 539, 177 N.E.2d 211, 214.

Our review of the record in this case reveals that the testimony of the sole identifying witness, James Diehl, was consistent and unimpeached. The witness had an ample opportunity to view the accused since Diehl testified that he had a brief conversation with Green and that he observed the defendant climb across the bar, point a gun at Janush, demand money and then come back around to the other side of the bar. According to Diehl, he was less than 2 feet away from Green when these events occurred. Moreover Diehl's ability to observe was supported by the testimony of Carole Diehl who, when asked on cross-examination by defense counsel about her husband's activities, testified as follows:

> "Q. During most of the time he [James Diehl] was looking at the floor, is that right?

A. No, he was looking around.

Q. He was looking around?

A, When a man would talk to him he would look right at him and speak.

Q. You could see all this, is that right?

A. Yes."

Green's connection with the crime was further supported by the arresting officers' testimony that he was apprehended a few minutes after the robbery while driving a station wagon that matched the description given by witnesses. Green had a revolver on his person when arrested, and the fruits of the crime were in the station wagon driven by him. In *People v. Curtis* (1972), 7 Ill.App.3d 520, 288 N.E.2d 35, the defendant was apprehended shortly after a store robbery in a car which contained items taken in the robbery. The court there stated that the inference to be drawn from his possession of recently-stolen property was that the defendant was one of the persons involved in the robbery. Similarly, we find here that Green's presence as the driver of a car containing items identified by witnesses as proceeds of the offense supports the inference that he was one of the persons involved in the robbery.

In view of the foregoing, we hold that the evidence was adequate to establish Green's identification. He was identified as a participant in the robbery by the positive testimony of an eyewitness, and this identification was corroborated by the presence of the proceeds of the offense in the automobile that Green was driving at the time of his arrest.

Secondly, defendants contend that the sentences of 6 to 12 years for Turner and 5 to 8 years for Green on the armed robbery counts are excessive. They note that armed robbery is now characterized as a Class 1 felony (Ill. Rev. Stat. 1973, ch. 38, § 18—2) and that section 5—8—1 (c) (2) provides:

"(2) for a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term; * * *."

Where it is contended that the punishment imposed in a particular case is excessive, the power of reviewing courts to reduce sentences "should be applied with considerable caution and circumspection, for the trial court ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." *People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E.2d 673, 677. After reviewing the record before us, we find that the trial court did not abuse its discretion in imposing a sentence 1 year above the

minimum for Green and 2 years above the minimum for Turner. Section 5—8—1(c)(2) (Ill. Rev. Stat. 1973, ch. 38) clearly states that a trial court may set a minimum term in a. Class 1 felony higher than 4 years where the court determines that the nature and circumstances of the offense justified such a sentence. Here, the defendants invaded a public business armed with deadly weapons. Turner struck one of the patrons over the head with a shotgun and the gun discharged. In view of these aggravating circumstances, we find that the sentences imposed upon the defendants were justified.

Finally, we turn to Turner's conviction for unlawful use of weapons, for which he was sentenced to a term of 1 to 5 years to run concurrently with his sentence for armed robbery. Although appellants have not raised this issue in their brief, we feel compelled to consider it on our own motion under authority granted this court by Supreme Court Rule 615(a) to notice plain errors or defects affecting substantial rights. Ill. Rev. Stat. 1973, ch. 110A, § 615(a).

The indictment charging William Turner with unlawful use of a weapon alleged that he "knowingly possessed a shotgun with a barrel less than eighteen inches in length," in violation of section 24—1(a)(7) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, § 24—1(a)(7)). This charge was based upon Turner's possession of a shotgun while fleeing in the station wagon from the scene of the robbery. The arresting officers testified that a revolver was found in the right coat pocket of the driver, James H. Green, but Green was not similarly charged with a violation of the weapons statute.

■■ Concurrent sentences for crimes arising from the same conduct should not be imposed. (People v. Duszkewycz (1963), 27 Ill.2d 257, 189 N.E.2d 299.) If such sentences are imposed, the conviction for the lesser crime should be reversed and that sentence set aside. See People v. Ritchie (1966), 66 Ill.App.2d 302, 213 N.E.2d 651; People v. Miller (1966), 74 Ill.App.2d 356, 220 N.E.2d 1.

In the case before us, the evidence showed that Turner first committed robbery while armed with a shotgun. When he was arrested a short time after the robbery, he still had in his possession the same shotgun. This subsequent possession of the shotgun resulted in the charge of unlawful use of weapons.

We are of the opinion that the offenses of armed robbery and unlawful use of weapons committed in this case arose from the same course of conduct. The motivation for the conduct was armed robbery, and the possession of the weapon was a part of the course of conduct which was directed to the accomplishment of the robbery. See People v. Johnson (1972), 6 Ill.App.3d 233, 285 N.E.2d 611.

In view of the foregoing, the judgments of conviction for armed robbery are affirmed, while the judgment of conviction for unlawful use of a weapon is reversed.

Affirmed in part; reversed in part.

ADESKO, P. J., and DIERINGER, J., concur.