THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN H. TAYLOR *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*when defendant may be considered as principal in larceny.* In a prosecution for larceny of goods from a general store, a defendant who drove the automobile which carried the goods after they had been taken from the store by the other defendants in the early morning may be considered as principal in the crime and liable to punishment accordingly, although he testifies that he did not know what was going on until he was told to wait outside with the car while the others went into the store.

2. SAME—*error in admitting articles unlawfully seized is not prejudicial against defendant proved guilty by his own admission.* A defendant who is proved guilty by his own admission, which he does not deny or attempt to invalidate, cannot complain of error in the trial where the jury does not fix the penalty or the grade of the crime, and in a prosecution for larceny he cannot complain of the admission in evidence of the stolen articles, which were taken from his home without a search warrant.

3. SAME—*when stolen articles are not sufficiently identified.* In a prosecution for larceny of goods from a general store, two new caps of a certain make found in the room of· two of the defendants at the time they were arrested are not sufficiently identified as part of the stolen goods on the mere showing that some fifty caps of the same make were stolen from the store, where it is proved that the caps were made by a large concern and had a wide distribution.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

GARRETT, MAYNARD & FELL, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, MERRILL F. WEHMHOFF, and ALFRED B. LOUISON, for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

At the April term, 1925, of the circuit court of Winnebago county the grand jury returned an indictment against John H. Taylor, Richard Taylor and Louis Witt, charging them with the larceny of certain goods in Lee county and the carrying of them into Winnebago county. After a trial and a verdict of guilty judgment was entered against them, and they sued out a writ of error.

The larceny of the goods in Lee county was proved by the testimony of John S. Archer, the owner of the goods stolen. They were stolen on the night of April 1, 1925, from his general store in Compton, in Lee county. He discovered the loss about seven o'clock in the morning of April 2. The goods stolen consisted in the main of silk and dress goods, men's and women's hosiery, dry goods, men's shirts, overalls and underwear, coffee, jewelry and toilet goods, and other articles of the kind usually carried in a general store, all of the value of about $1500. The only evidence connecting any of the plaintiffs in error with the commission of the crime consisted of a statement of John

H. Taylor, who was arrested on April 8 in Rockford, and of the finding of certain of the stolen goods in his residence there. The other plaintiffs in error were arrested on April 10. The statement of Taylor was made in the State's attorney's office in response to questions asked him. The questions and answers were taken down by a stenographer, by whom they were testified to on the trial. From this statement it appears that Taylor, in company with the other two plaintiffs in error and a man called "Shorty," on the night of April 1 left Rockford about eleven o'clock in an automobile and drove to Compton, arriving there about one o'clock, where the other men got out at the depot, leaving Taylor there with the automobile. They were gone about three-quarters of an hour. Taylor then drove up to the store and stayed in the car while they put a lot of stuff in the car, dress goods and muslin, carried out loose, with some overalls. Taylor did not go in the store but sat in the car. After these things were put in the car Taylor drove with the others back to Rockford, arriving at Montague street about four o'clock and going immediately home. He stated that he took none of the articles with him but that some time afterward some of them were brought to his house, where they were found at the time the officers were there. This statement established the guilt of Taylor. In it he said, in answer to the question how he happened to meet these men that night, that a fellow asked him in the afternoon if he wanted to drive that night, and Taylor said he didn't care; that Taylor asked where they were going, and the other said, Compton. In answer to the question, "Didn't he give you any inkling at all what they were going to do?" Taylor answered, "After we got there I had an idea when they said to stay with the car." When he drove the car up to the store and waited there between one and two o'clock in the morning while his companions brought the goods out of the store and put them in the car, which he afterward drove to Rockford, he knew a larceny was in

process of commission. He was standing by, aiding, abetting and assisting in the crime, and under the statute is considered as a principal and liable to. punishment accordingly. It is not necessary that he should have carried any of the goods out of the store or should have handled them. Those present were all acting to the same end,—to steal the goods and carry them away,—and each was liable for what any of them did in accomplishing the common design.

After John H. Taylor was arrested, deputy sheriffs went to his residence and without a warrant entered and searched it and took some goods found there, which Archer identified on the trial as a part of those stolen from his store. The plaintiffs in error, claiming that the search was illegal, made a motion before the trial that the articles so taken should be returned to Taylor. This motion was not allowed but the articles found were introduced in evidence, and this is assigned as error. The error, if it was an error as to Taylor, was harmless, for he was guilty by his own admission. If no evidence had been introduced but his statement and Archer's testimony, no other verdict than guilty would have been possible as to him. The evidence of the possession of the goods found by the search was unnecessary. It could not have affected the verdict and its admission was therefore not prejudicial. A defendant who is proved guilty by his own admissions, which he does not deny or attempt to invalidate, cannot complain of error in the trial, where the jury does not fix the penalty or the grade of the crime. (*People* v. *Stover,* 317 Ill. 191.) The other two plaintiffs in error cannot complain of the illegal search, for their rights were not invaded, but the articles were not admissible against them because they were not connected with the possession of them. There was no evidence connecting these two plaintiffs in error with the crime. None of the defendants testified. It appeared that Richard Taylor is an uncle of John H. Taylor and that Louis Witt is an intimate friend and that both were frequent and familiar vis-

319—12

itors at John H. Taylor's home, but these facts, of themselves, did not even tend to connect them with the crime.

Much stress is laid by counsel for the People on the fact that after Richard Taylor and Witt were arrested there were found in the room which they occupied two new caps, called "Gimbel" caps, from the name of the maker, Gimbel Bros., of Chicago. Among the articles charged in the indictment to have been stolen were two caps, and Archer testified that between forty-five and fifty Gimbel caps were stolen from the store like the caps which were found in the room of the plaintiffs in error, but he also testified that Gimbel Bros. were a big firm; that they sold these caps all over; that these caps were just like the ones he handled in · his store but that he did not know that they were taken from his store. The .possession of the caps without showing that they were a part of the stolen property had no tendency to show that the plaintiffs in error were guilty of the larceny.

John H. Taylor's statement was not competent evidence against the other plaintiffs in error, and objections were sustained by the court to portions of the statement for that reason, but the statement as testified to before the jury, together with the questions which were shown to have been asked by the State's attorney which were objected to and the answers to which were not permitted to be shown, was of such a character as to arouse grave suspicions of the guilt of the other plaintiffs in error. There was, however, nothing rising to the dignity of competent evidence against them, and the evidence which was permitted to go to the jury was wholly insufficient to show, beyond a reasonable doubt, that they were guilty of the crime charged.

The judgment is affirmed as to John H. Taylor, but as to the other two defendants it is reversed and the cause is remanded for a new trial as to them.

*Reversed in part and remanded.*