(No. 35495.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES HAYES, Plaintiff in Error.

*Opinion filed October 31, 1960.*

DANIEL W. PECYNA, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicage, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant James Hayes was indicted with Clinton Ellis for the larceny of accessories from a stolen automobile. Hayes was granted a separate trial. He waived a trial by jury, was tried by the court, found guilty and sentenced to imprisonment in the penitentiary for a term of not less than one nor more than four years.

On this writ of error he contends that the State failed to prove his guilt beyond a reasonable doubt in that the evidence of identification and value of the stolen articles was insufficient; and that he did not receive a fair trial because of prejudicial evidence admitted against him.

In the evening of June 30, 1958, Jose Santiago's 1957 Chevrolet was stolen from its parking place in front of his home. About 11:45 the following morning the stolen Chevrolet and a Cadillac were driven into the alley at the rear of the third floor apartment of Estelle Vrablick at 3047 West Cullerton Street in Chicago. Mrs. Vrablick testified that Ellis drove the Chevrolet and the defendant drove the Cadillac, that they stopped first in the rear of her apartment building, and after taking some tools from the rear of the Cadillac they moved two doors farther down the alley. It was a clear, sunny day and she watched while Ellis proceeded to remove the wheels and tires, and other equipment later identified as the battery and radio from the Chevrolet and place them in the trunk and rear seat of the Cadillac. She identified the defendant as "that tall fellow" who stood beside the Cadillac while "that short fellow," Ellis, removed and transferred the accessories.

In the meantime, a neighbor lady who saw what was happening called the police. In about fifteen minutes a squad car with two patrolmen drove into the alley just as the Cadillac was pulling away from the scene. The police followed the Cadillac on Marshall Street where it was curbed and the arrests made. At that time the defendant was sitting on the right side of the front seat with Ellis

doing the driving. The stolen accessories were found in the rear seat and trunk. Santiago subsequently identified the accessories as those stripped from his Chevrolet.

The defendant took the stand, denied any complicity in the crime, and gave the following version. Just before his arrest he was walking with a lady friend on Albany Street when Ellis drove up in the Cadillac and offered him a ride home. He accepted and after riding about one block they were stopped and arrested by the police on 19th Street. He stated that he was unaware of the stolen accessories in the rear seat and trunk of the car.

Beatrice Smith testified that she was an acquaintance of the defendant and they met casually about noon on the day of his arrest at the corner of Albany and 19th streets. As they started walking toward her apartment, Ellis drove up in the Cadillac and the defendant got into the car with him and drove off. She saw the police make the arrest about one block away on Albany Street.

One of the arresting officers was called to testify in rebuttal. He referred to a rough diagram of the streets and alleys of that area which he had drawn shortly after making the arrest. He explained to the court that after arriving at the scene they followed about 100 feet behind the Cadillac while they were in the narrow alleyway, that the Cadillac was never out of sight, and the arrest was made at the corner of Marshall and 19th streets, which is a long block from the place where the defendant and his alibi witness said the arrest was made.

Defendant argues that the identification made by Mrs. Vrablick is insufficient to establish his guilt and attempts to discount the evidence of his arrest so near to the scene of the crime in an automobile containing the stolen goods by insisting that his alibi evidence is more worthy of belief than the testimony of the witnesses for the State.

Mrs. Vrablick testified that she had a clear view of the two men, one tall and one short. When they were brought

back a few seconds later she identified the defendant as the tall man and Ellis as the short man. She made a later identification of them at the police station, although not in a lineup. Her testimony has significant corroboration by the police officer. He had the Cadillac in sight at all times and she never lost sight of it until after the officer took up the chase. The two she identified were the men in the Cadillac which was in sight of the officer at all times after leaving her view. When they were apprehended immediately thereafter, the stolen articles were found in their possession. These facts are strikingly similar to those in *People* v. *Pelkola,* 19 Ill.2d 156, where the conviction was sustained.

Identification by one witness, if positive and credible, as here, is sufficient to sustain a conviction even though that witness may be contradicted by the accused. (*People* v. *Urbana,* 18 Ill.2d 81; *People* v. *Tunstall,* 17 Ill.2d 160.) Where a cause is tried by the court without a jury the credibility of the witnesses and the weight to be given their testimony is to be determined by the trial judge. (*People* v. *West,* 15 Ill.2d 171; *People* v. *Litberg,* 413 Ill. 132; *People* v. *Holt,* 398 Ill. 606.) On the strength of the evidence presented in this record, we find no reason for disturbing the determination made by the trial court.

Defendant further contends that the evidence fails to establish the value of the stolen property to be $50 or more. Officer Novak, who had fifteen years experience in the stolen automobile division of the Chicago Police Department, was competent to testify as to the value of the property. (*People* v. *Palmer,* 351 Ill. 319.) His valuation of the articles totalling $165 is not unreasonable and is above the $50 limitation defining grand larceny at the time of this crime. Furthermore, the defendant failed to object to the qualification of the witness or to the value fixed. Cf. *People* v. *Ford,* 19 Ill.2d 466.

Defendant contends that he did not receive a fair trial because of a witness's remark concerning the stripping of

other cars, and the use of a diagram by the arresting officer. When Mrs. Vrablick volunteered the statement that the stripping of cars in the alley was a daily occurrence it was immediately and properly ordered stricken. The trial judge's warning of the witness and his instruction as to procedure clearly indicate that the defendant was not prejudiced in this bench trial. (See: *People* v. *Richardson,* 17 Ill.2d 253.) The diagram was used to illustrate and clarify the testimony of the officer and was not refuted. We are of the opinion that the defendant was not prejudiced by its use.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*