(No. 36827.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY WASHINGTON, Plaintiff in Error.

*Opinion filed November 30, 1962.*

CURTIS HEASTON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Leroy Washington, was indicted and tried jointly with Albert Jackson for the crime of robbery, was

found guilty after a bench trial in the criminal court of Cook County, and was sentenced to the penitentiary for a term of 7 to 12 years. He prosecutes this writ of error for review.

Proof adduced by the prosecution established that on January 14, 1961, at 1:00 A.M., Clarence Martin was driving his 1956 Ford automobile north on Orleans Street in the city of Chicago. Upon arriving at the intersection of Orleans and Chicago Avenue he stopped for a traffic light and observed the defendant and Jackson cross Orleans Street together. Jackson approached the left side of the car, pointed a gun at Martin, ordered him out of the vehicle and directed him to walk into a nearby alley. Defendant, in the meantime, had crossed in front of the car and, walking about 30 feet ahead of Jackson and Martin, entered the alley. While in the alley and still wielding the gun, Jackson took $30 from Martin's person and then returned to Martin's car and drove it away. Martin did not see defendant in the alley while the actual robbery was occurring but it was his testimony that defendant had come back up the alley and had started to "chase" him after Jackson had departed.

A week later the police located and staked out Martin's car, which had been reported stolen, and observed as Jackson and his wife entered the front seat, while defendant and his sister entered the rear seat, preparatory to driving away. Defendant and Jackson were taken into custody and, the following day, were identified by Martin as the men who had robbed him. No line-up was employed and, except for police officers, defendant and Jackson were the only persons present in the room where identification was made.

For the defense both defendant and Jackson denied their guilt and gave inconsistent alibi testimony of having been in attendance at a party when the crime was committed. Defendant's sister and one Annabelle Lamb sought to corroborate the alibi testimony but gave conflicting versions as to where the party was held, and the former was taken into

custody when she sought to signal to Miss Lamb on the witness stand.

It is defendant's first contention that the evidence of the prosecution shows at best only his mere presence at the crime and his negative acquiescence therein, and is therefore insufficient to support a finding that he aided, abetted or assisted in the robbery. While it is true that mere presence or negative acquiescence is not enough to constitute a person a principal, one may aid and abet without actively participating in the overt act and if the proof shows that a person was present at the commission of the crime without disapproving or opposing it, it is competent for the trier of fact to consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the crime. (*People* v. *Torres,* 19 Ill.2d 497; *People* v. *Thicksten,* 14 Ill.2d 132; *People* v. *Cione,* 293 Ill. 321.) Stated differently, circumstances may show there is a common design to do an unlawful act to which all assent, and whatever is done in furtherance of the design is the act of all, making each person guilty of the crime. *People* v. *Rybka,* 16 Ill.2d 394; *People* v. *Marx,* 291 Ill. 40.

We are of the opinion that the trial court, as the trier of fact in this case, was justified and correct in concluding there was more shown by the evidence than mere presence and negative acquiescence. Defendant's close association with Jackson before and after the crime, his conduct of leading the way into the alley and of later chasing the robbery victim, his failure to attempt to assist the victim or to report the event to the authorities, and the fact he was apprehended with Jackson in the stolen car all tend with reason to justify a conclusion that defendant was joined with Jackson in a common purpose of committing the robbery.

The remaining contention that defendant was neither "properly" nor "sufficiently" identified is also without merit.

In the first regard, the fact that an accused is not placed among a group of persons in being presented to a witness for identification does not fatally weaken the evidence of identification, but bears only upon the weight to be accorded that evidence. (*People* v. *Lamphear,* 6 Ill.2d 346; *People* v. *Barad,* 362 Ill. 584.) As to the latter premise, positive identification by one witness who had ample and favorable opportunity to observe is sufficient to convict even though the testimony is contradicted by the accused. (*People* v. *Hayes,* 20 Ill.2d 319; *People* v. *Dirkans,* 18 Ill.2d 300.) The proof here shows that the intersection of Orleans Street and Chicago Avenue was well illuminated, there being lights on all four corners, and that Martin had ample opportunity to observe defendant as he crossed the street and passed in front of the car.

The judgment of the criminal court of Cook County is affirmed.