THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER RICHARDSON, Defendant-Appellant.

(No. 54527;

First District—April 21, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Robert Becker, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Veldman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Walter Richardson, was one of three persons indicted for the crime of armed robbery. After a bench trial in the Circuit Court of Cook County, he was found guilty and sentenced to the penitentiary for a term of two to four years. On appeal, Richardson argues the evidence was not sufficient to support the conviction for robbery.

On July 20, 1968, two men, positively identified as Richardson's co-defendants, entered the offices of the Public Materials Company and proceeded to take $445.00 from a cash drawer and $10.00 in cash, a payroll check for $125.00, and the wallet of one of the employees. One of the robbers, Watters, held a gun on the victims while the other took the money. The two employees were told to lie down on the floor and the robbers fled. They were seen getting into a black Cadillac automobile which was found to be registered in the name of the defendant, Walter Richardson.

A few minutes later the car was seen going through a red light by police officers. They gave chase and one of the occupants of the fleeing Cadillac threw a gun out of the right-hand front window. The police stopped to pick it up and then continued the chase, finally bringing the car to a halt. The driver of the car was Walter Richardson. The other two were identified as Watters and Sanders, the ones who had just committed the robbery. Watters was still carrying the wallet taken from one of the employees. He pleaded guilty to the robbery charge. Sanders did not appear for trial, and his bond was forfeited.

Richardson contends he had no knowledge of the robbery, but fled from the police because he was driving without a license and became frightened when Sanders threw the gun out the window. He testified he had been a passenger in the car and believed that their only destination was to be a fruit stand. However, after the stop at the fruit stand, Sanders said, "Let's go to the Material Yard." Sanders used to buy materials there. Richardson further stated he was sleeping in the back seat of the car and only got into the front to listen to the radio after his

companions went into the office. He said that he only drove the car away at the insistence of the other two men and was still ignorant of their crime. Watters lived with Richardson and his wife and children. The morning of the robbery, Sanders came to the house for coffee, and Sanders suggested they go to the Material Yard. All three got into the Cadillac, Richardson riding in the back seat.

■■■ There is no dispute that a robbery was committed by Richardson's co-defendants and that Richardson drove the car away from the scene of the crime. If he knowingly drove a "getaway car," then he is legally responsible as a principal. The Illinois Criminal Code provides:

"A person is legally accountable for the conduct of another when:

\* \* \*

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." [Ill. Rev. Stat. 1965, ch. 38, par. 5—2 (c).]

Therefore, the only question is whether he was a knowing participant, since mere presence is not sufficient to establish guilt. (*People v. Littleton* (1969), 113 Ill.App.2d 185.) However, proof of acts in furtherance of a common design or purpose to commit a crime need not be supported by words of agreement, but may be drawn from the circumstances surrounding the commission of the act by the group. *People v. Williams* (1968), 104 Ill.App.2d 329.

■■ Neither is it conclusive that the defendant offered testimony inconsistent with guilt, for such testimony presented only a question of credibility for the trier of fact. In *People v. Hanson* (1968), 97 Ill.App.2d 338, the court said (p. 342):

"When the courts speak of an explanation they do not mean that any explanation overcomes the inference of guilt. It must be a satisfactory explanation—one that the trier of fact finds reasonable and acceptable \* \* \*. If an explanation is made, the acceptance or rejection of the explanation is also for the trier of fact."

■■ The court was required to look at the totality of the circumstances and evaluate the credibility of the witnesses in arriving at a judgment. Here, the behavior and testimony of the defendant is not consistent with innocence. The record shows he did not have a license and Sanders had been driving his car all morning, yet he was behind the wheel and drove away from the scene of the crime, through a red light. He failed to stop when pursued by a police car using a siren. Evidence of flight has long been admissible in Illinois as a circumstance which may be considered

with all the other evidence as tending to prove guilt. (*People v. White,* (1968), 99 Ill.App.2d 270; *People v. Nunn* (1965), 63 Ill.App.2d 465; *People v. Lobb* (1959), 17 Ill.2d 287.) Defendant testified he stopped when he realized the police were behind him, but became frightened when Sanders threw the gun out, so he sped off once more. The officer testified the defendant did not even slow down until caught. The defendant also testified there was nothing unusual about the way Watters and Sanders returned to the car after leaving the Public Materials Company. On rebuttal one witness stated both Sanders and Watters were running when they left the offices.

■■ There is ample evidence in the record to find that the defendant was aware of the commission of a crime and assented to it. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.