2 Ill. App.3d 461 (1971)
276 N.E.2d 509
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
WILLIE BARNES, Defendant-Appellant.
No. 70-170.
Illinois Appellate Court  Second District.
December 9, 1971.
*462 Ralph Ruebner, of Defender Project, of Elgin, for appellant.
William Ketcham, State's Attorney, of Geneva, (W. Ben Morgan, and Leo Wotan, Jr., Assistant State's Attorneys, of Elgin, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
The defendant, Willie Barnes, was indicted for Attempt, (Burglary). He was convicted after a jury trial and sentenced to 2-6 years in the penitentiary.
Defendant argues on appeal that he was not proven guilty beyond a reasonable doubt on the theory that he was accountable for the acts of another under Ill. Rev. Stat. 1969, ch. 38, par. 5-2(c). He also contends that it was reversible error to admit a letter taken from a mailbox in the vicinity of the attempted burglary; and to give a "flight" instruction.
The scene of the alleged burglary attempt was a farm home near Elburn, Illinois, owned by John C. Biddle, located in a remote portion of Kane County and reached by a narrow driveway approximately one-quarter *463 mile off the main country road. John Biddle testified that at approximately midnight on December 25th, 1969, at a time when no lights were on in the house, he noticed a car parked near his garage with the engine running. Two persons were in it. He assumed it was his son or a friend, and went to bed. Some time later he was awakened by a "crashing" at his back door. The house was completely dark. He saw a tall man standing with his shoulder against the door on the porch. When he turned on the porch light the man ran away. Biddle, armed with a rifle, pursued him. Outside Biddle saw the car stuck in the snow some 100-125 feet from where he had first seen it. A man who appeared to be the same person he had seen on the porch was pushing it. The defendant Barnes was in the driver's seat with the motor running. When Biddle yelled, the tall man ran away and defendant got out of the car. Defendant said he wanted to talk to Biddle but the latter told him to stay where he was and held him at gun point until the Sheriff arrived after a call by Biddle's son.
Richard Biddle, the son of the owner, testified that he was awakened by his father and followed him out of the house. His testimony corroborated that of his father.
Both father and son testified that the doorbell was in working order and had not been rung.
The deputies who appeared on the scene in response to the call arrested Barnes. They searched him and found a screwdriver in his back pocket. They testified that Barnes told them he was lost and that he and the co-defendant Golston were from Chicago and were trying to get to Kankakee. The deputies searched the car and found a baseball bat on the front seat. Over objection, one of the deputies testified that a letter identified as one taken from a mailbox of a tenant on the Biddle property, fell from the sun visor as he was making a search for weapons. An inspection of the rear door of the Biddle home revealed that parts of the Dutch-type door were ripped loose and a bolt loosened.
Defendant did not testify nor introduce any evidence in his defense.
Defendant argues that his companion, if he were the same man who was seen pounding on the Biddle door, may have had the necessary intent and may have performed a substantial step toward committing a burglary; but that there is no evidence sufficient to prove that Barnes had such intention or performed any substantial step toward the commission of the crime. While it is conceded that defendant Barnes was never observed on the porch or near the door of the Biddle home, there were sufficient circumstances to show that defendant and Golston were engaged in a common scheme or design to burglarize the premises. *464  1, 2 Mere presence at the scene of the crime or "negative acquiescence" are insufficient to make defendant accountable for another's acts. (See People v. Barnes (1924), 311 Ill. 559, 562.) However, one may aid and abet without actively participating in the overt acts; and presence at the scene of the crime without disapproving or approving it is a factor which may be considered with other circumstances in determining whether the defendant aided and abetted. People v. Thicksten (1958), 14 Ill.2d 132, 134, 135; People v. Washington (1962), 26 Ill.2d 207, 209; People v. Taylor (1925), 319 Ill. 174, 176, 177; People v. Nugara (1968), 39 Ill.2d 482, 487.
 3 Defendant argues that the circumstances are consistent with the theory that defendant and his companion were where they were because they were lost. This theory could have been found by the jury to be inherently suspect on the basis of geography. But additionally there are the inconsistent circumstances that defendant's companion was trying to break down a door in a darkened house, pushing it with his shoulder and severely damaging it at a time when a doorbell was working but was not rung. The home had to be reached from a narrow and obviously private lane some one-quarter mile from the main road; and defendant was in the car with the motor running ready to take his companion from the scene except for the fact that the car became stuck in the snow. There was no evidence that defendant opposed the actions of his co-defendant. We think that from the circumstances the jury could and did properly find that defendant was not merely present but was a culpable participant in a common design to commit the crime of burglary which was prevented after the attempt. Defendant has relied upon People v. Tillman (1971), 265 N.E.2d 904. We think that the facts in Tillman completely distinguish the cases.
 4, 5 The admission of the letter with evidence that it was taken from the mailbox of a tenant on the Biddle property is not a basis for reversal. Defendant argues that the letter was in no way connected with the offense charged but was evidence of a dissimilar crime, i.e. presumably mail theft, and was unduly prejudicial. We have recently stated the rules governing admission of evidence which also brings to the attention of the trier of facts other possible criminal conduct, in People v. Allen (1971), 272 N.E.2d 296, 299.
"Evidence which discloses that an accused committed crimes other than the one charged is admissible where such evidence is relevant to a contested issue in the case and tends to establish the crime charged. The People v. Davis, 14 Ill.2d 196, 200 (1958); The People v. Spaulding, 309 Ill. 292, 304 (1923). See also Anno: 42 A.L.R.2d 854, et seq. But *465 such evidence is not admissible where it only has value to create an inference-necessarily pre-judicial-that because a man has committed other crimes he is more likely to have committed this one. The People v. Lehman, 5 Ill.2d 337, 342, 343 (1955); The People v. Durkin, 330 Ill. 394, 404 (1928).
* * *
Defendant's presence during this robbery may be said to be an equivocal act which would be innocent or criminal depending upon the intent or motive with which his presence at the scene of the crime is invested. The offered evidence is relevant to establish the purpose of his presence, that is, whether innocent or as a participant in the crime. See Bush v. United States, 267 F.2d 483, 489 (9th Cir.1959)."
Here, the letter had some probative value on the question of whether defendant was on the Biddle property because he lost his way or in furtherance of a common design to commit a theft which was an element of the crime charged. Defendant suggests that the letter indicates an attempt to discover his location, so that he could resume his trip to Kankakee. The jury could consider this argument and reject it, but the possession of the letter under the circumstances was relevant to a substantial issue of defendant's intention. The court properly admitted the evidence for its probative value even though it could have some prejudicial effect. See also People v. Hall (1967), 38 Ill.2d 308, 315; People v. VanRiper (1970), 127 Ill. App.2d 394, 399.
 6-8 Defendant has also claimed that it was reevrsible error to give an instruction on Flight because there was no supporting evidence. The co-defendant, Golston, did flee, and the instruction properly referred to flight as a circumstance which the jury could consider in the light of all the evidence in determining guilt or innocence. (See People v. Rossini (1962), 25 Ill.2d 617, 621.) The flight of defendant's companion was relevant to the issue whether the attempt burglary was committed. Flight is a form of circumstantial evidence based upon the inference that such response has a reasonable relation to consciousness of guilt. It has been condemned as falsely based in that there is risk that an innocent man will respond similarly to a guilty one when confronted. (See United States v. Vereen (D.C. Cir.1970), 429 F.2d 713, 715.) It may also be criticized as emphasizing one particular circumstance. The I.P.I. Criminal Committee recommends that no instruction on the subject of flight be given but suggests that it may be properly argued. We agree. However, the giving of the instruction here did not deprive defendant of a fair trial and was not error sufficient to reverse. See People v. Weisberg (1947), 396 Ill. 412, 427.
*466 We conclude that the judgment of the trial court based upon the verdict of the jury is supported by proof of guilt beyond a reasonable doubt. We therefore affirm.
Judgment affirmed.
MORAN, P.J., and ABRAHAMSON, J., concur.