The People of the State of Illinois, Plaintiff-Appellee, v. Otis Hendrix (Impleaded), Defendant-Appellant.

(No. 58151;

First District (3rd Division)—March 21, 1974.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Otis Hendrix was indicted with Charles Kimbrough for armed robbery. After a bench trial, both Otis Hendrix and Charles Kimbrough were found guilty as charged. The court granted the motion of Charles Kimbrough for a new trial and Charles Kimbrough was acquitted after an immediate retrial upon stipulated evidence. The motion of Otis Hendrix for a new trial was denied. Otis Hendrix has appealed.

The question presented for review is whether defendant is legally accountable for the armed robbery.

We affirm.

The facts are as follows. At about 10:30 P.M. on January 24, 1970, a Kentucky Fried Chicken store located at 15636 South Dixie Highway

in Markham, Illinois, was robbed by two armed men. Bruce Terry, the store manager, armed himself with a pistol and chased the robbers into an alley behind the store. He ordered the robbers to stop but they proceeded to enter a car waiting in the alley. At this time Mr. Terry observed a third man behind the wheel.

Mr. Terry observed the car's wheels spinning in the gravel in the alley. He shot at the car and chased it to the corner of 157th Street and Dixie Highway where it stopped at a stop sign. After Terry fired the gun again the driver of the car turned around enabling Terry to see his face. At trial Terry identified the driver as the defendant Otis Hendrix. After the car proceeded across the intersection, Terry flagged down a squad car, occupied by Officer Schultz of the Markham, Illinois Police Department. While he was in the squad car Terry observed the defendant on a side street, but only later realized who it was. The abandoned car, which was used in the robbery, was found in the vicinity. It belonged to Frank Baxter, a brother-in-law of defendant.

Otis Hendrix testified at trial that at about 7 P.M. on January 24, 1970, two acquaintances, Maurice Dean and Charles Kimbrough, visited him at his home. Defendant's wife earlier had gone to a birthday party at her sister's house. At about 10 P.M. Kimbrough suggested that defendant borrow a car from defendant's brother-in-law, Frank Baxter, in order to take Kimbrough and Dean to the house of Kimbrough's brother (Snooky). Defendant testified that he did not feel like going so he tried to arrange for Frank Baxter to take them. Defendant and the two men walked to the house of defendant's sister-in-law to make the request of Baxter. However, Baxter's wife would not allow Baxter to leave the house, so defendant borrowed Baxter's car in order to drive them himself.

Defendant further testified that Kimbrough suggested that they stop at the Kentucky Fried Chicken store because Kimbrough and Dean were hungry. When they arrived at the store, Kimbrough directed defendant to park the car in the alley behind the store so that they would have "a straight side to Snooky's house". Defendant remained in the car while the other two men went into the store. Defendant could not see the store from where he parked in the alley because a fence obstructed his vision. He turned off the engine while he was waiting.

When the two men returned to the car they told defendant to take off because they had just robbed the store. Defendant heard a shot come through the rear windshield, started the car, and proceeded in the alley. After driving a few blocks, defendant drove the car into a snow bank in a vacant lot. The men abandoned the car and walked two blocks to

Snooky's house. From the house defendant telephoned his wife and a taxi company. He took a taxi to the house of his sister-in-law. There he explained to his wife what had happened.

Defendant and a group of people went to the police station. Defendant saw Frank Baxter there. Defendant explained his story about the robbery and gave a description of the other two men to the police. He denied that the two men told him that they intended to rob the store.

On cross-examination, defendant testified that he had known Dean for about 9 months and Kimbrough for about 2 years. He was not expecting Kimbrough and Dean at his house on the evening in question. Defendant knew that they had come from Chicago but was ignorant of the means by which they were transported. The record is unclear as to whether they drove a car to Hendrix' house and if so, as to whether they parked the car in front. Defendant maintained that he did not see Kimbrough or Dean with guns after the robbery occurred and did not know that they had guns when they were at his residence.

On redirect examination defendant explained that he did not park in the store parking lot because it had not been plowed of snow. He testified that the alley had been plowed. Bruce Terry, the store manager, and Officer Schultz of the Markham Police Department who investigated the armed robbery, both testified that the parking lot was clear of snow on the night in question.

Officer Hunt of the Markham Police Department testified that he observed defendant come into the police station with Frank Baxter. Hunt stated that defendant told him that he had borrowed Baxter's car, but that "the car had been stolen from him from a party in Dixmoor". At trial defendant denied that he said this. At the police station Bruce Terry caught a glimpse of defendant and told Hunt that he was positive that defendant was driving the getaway car. Defendant was then arrested and given his constitutional rights. After his arrest, defendant told Hunt that he had been driving Baxter's car and that the other two men had committed a robbery. He also told Hunt that he did not know that they were going to commit a robbery. Defendant came to the station voluntarily and at that point was not under arrest.

The trial court found the defendant legally accountable for the armed robbery.

Defendant contends that his involvement in the episode is consistent with his innocence. He argues that his actions were insufficient to render him criminally responsible for the acts of his companions.

In the instant case, as was the case in *People v. Richardson,* 132 Ill. App.2d 712, 270 N.E.2d 568, cited by the prosecution, there is no dispute that a robbery was committed by defendant's companions and that the

defendant drove the getaway car from the scene. In that case, the court stated: "If he knowingly drove a 'getaway car', then he is legally responsible as a principal." 132 Ill.App.2d 712, 714, 270 N.E.2d 568, 570.

■■ Defendant was tried and convicted on a theory of accountability. (Ill. Rev. Stat. 1969, ch. 38, sec. 5—2(c).) The prosecution has the burden of proving beyond a reasonable doubt that defendant was a knowing participant in the armed robbery. The circumstances of defendant's involvement in the crime are relevant in determining his state of mind. Mere presence at the scene would not be enough to establish guilt. (*People v. Clark*, 30 Ill.2d 67, 195 N.E.2d 157.) In the instant case there were other factors bearing on defendant's guilt. The evidence showed that defendant drove the robbers to the scene of the crime. He parked suspiciously behind a fence in the alley while his companions robbed the adjacent store. He fled with the robbers and did not express any disapproval or opposition to the commission of the crime. These are factors which tend to establish defendant's knowledge of the armed robbery. See *People v. Barnes*, 2 Ill.App.3d 461, 276 N.E.2d 509; *People v. Bleimehl*, 9 Ill.App.3d 273, 292 N.E.2d 60; *People v. Sanders*, 129 Ill. App.2d 444, 263 N.E.2d 615.

■■ Defendant presented evidence showing that a reasonable explanation of his actions existed which was consistent with an innocent state of mind. His case was aimed at negating the inference of guilt which flowed from his actions before, during, and after the holdup. The prosecution presented opposing evidence. The matter became one of credibility, an area in which the trial judge, as trier of fact, was better suited to make a determination than this court, reviewing the record on appeal. (*People v. Clark*, 30 Ill.2d 67, 195 N.E.2d 157.) On the instant record, the trial court could well have found that the evidence sufficiently established that defendant knowingly participated in the armed robbery and that defendant had not established a reasonable hypothesis which was consistent with innocence. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and MEJDA, JJ., concur.