THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CINDY MAXON, Defendant-Appellant.

Third District No. 74-223

Opinion filed January 30, 1976.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Bernard Rivkin, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was convicted of felony theft following a jury trial in the Circuit Court of Peoria County. She was sentenced to 3 years' probation conditioned on serving 90 days of periodic imprisonment, making restitution and paying $5 for each day of work release during periodic imprisonment. On appeal, she contends that incriminating statements were obtained in violation of her Fifth Amendment rights, that evidence of another crime was improperly admitted, and that she was not proven guilty beyond a reasonable doubt under a theory of accountability.

According to the State's evidence, on June 29, 1973, Carol Williams went to Bergner's Madison Park store and purchased a diamond ring with a check drawn on defendant's bank account. Miss Williams signed defendant's name as payor and furnished the sales clerk with defendant's driver's license for identification.

The following day Miss Williams and defendant were in Bergner's South Adams store shopping for china and silverware. Several items were purchased with another check drawn on defendant's account. Defendant tendered the check to the sales clerk, but the clerk could not recall which of the two women signed it.

That same evening Miss Williams and defendant were seen in Bergner's Sheridan Village store, apparently shopping in different departments of the same store. Carol Williams attempted to purchase a dress with another of defendant's checks. The clerk took the check to a security officer who was acquainted with defendant. The officer noticed that the check tendered by Miss Williams was in defendant's name and looked up in time to see the two women leaving the store very quickly.

On July 2, 1973, defendant reported that her checks, including those used in the transactions at the Bergner stores, had been stolen. Stop-payment orders were placed on her account.

Both defendant and Carol Williams were later arrested and interrogated at the police station. During questioning, defendant stated that she knew Carol Williams had been using her checks and that she was with Miss Williams on those occasions. This statement was admitted in evidence over defendant's objection after the court heard and denied her motion to suppress her statements.

Defendant testified in her own defense that her apartment had been burglarized on or about June 26, 1973, and that her checks were among the items found to be missing. Although she admitted being with Miss

Williams when she was shopping for china, she said she only gave advice as to patterns and was not present when the check was tendered. She denied giving her checks to Miss Williams and disclaimed any knowledge that Miss Williams had been using her checks.

The jury returned a verdict of guilty and defendant appeals.

The first error assigned is the admission in evidence of the incriminating statements made by defendant after her arrest. Defendant contends that, when she was given her *Miranda* warnings prior to questioning, she indicated a desire not to speak, and consequently any statements obtained as a result of further questioning were in violation of her Fifth Amendment rights.

At the hearing on the motion to suppress, Sergeant Johnson testified that after defendant was brought to the police station, she was given her *Miranda* warnings and asked if she wished to talk to the police. Defendant replied that she did not know anything about the checks. She was then taken to a holding cell. A few minutes later defendant was brought back to the interview room where Miss Williams was being questioned. At this time defendant gave a statement to the police. Detective Buck gave substantially similar testimony, stating that at the first interview defendant answered the questions put to her but denied any knowledge regarding the checks.

Defendant contradicted the police witnesses, testifying that when she was first questioned, she stated that she had nothing to say and wanted to see a lawyer. She also denied making the statements at the subsequent interrogation.

■■ The preliminary inquiry as to whether the defendant has been properly warned and has knowingly waived her rights is for the trial court. In making this determination the trial court need not be convinced beyond a reasonable doubt, nor will its findings be disturbed unless they are against the manifest weight of the evidence. *People v. Torres* (1973), 54 Ill.2d 384, 297 N.E.2d 142; *People v. Burbank* (1972), 53 Ill.2d 261, 291 N.E.2d 161.

■■ There was a conflict in the testimony as to what defendant said at the initial interview and whether defendant had expressed a desire to terminate the questioning, which the court resolved against defendant. The trial court found that the statement by defendant that she had no knowledge about the checks and did not really have anything to say about them was not an indication that defendant wished to exercise her right to remain silent, but rather was responsive to police questioning. This determination is supported by Detective Buck's testimony that defendant answered the questions put to her but denied having any knowledge concerning the checks. We do not believe that the

court's finding is contrary to the manifest weight of the evidence. *People v. Walker* (1st Dist. 1971), 2 Ill.App.3d 1026, 279 N.E.2d 23.

Defendant next contends that the State improperly introduced evidence of other crimes. She refers specifically to the testimony concerning the purchase of china, a transaction which was not listed in the indictment.

■■ We note initially that defendant's privately retained counsel neither objected to this evidence at trial, nor filed any post-trial motions. As a general rule, errors not brought to the attention of the trial court are waived on appeal. *People v. Killebrew* (1973), 55 Ill.2d 337, 303 N.E.2d 377; *People v. Pickett* (1973), 54 Ill.2d 280, 296 N.E.2d 856.

Furthermore, a brief examination of the record shows that the admission of this evidence was not error. The general rule is that evidence of other crimes is admissible if relevant for any purpose other than to show propensity to commit a crime. (*People v. McDonald* (1975), 62 Ill.2d 448.) In *McDonald*, the supreme court recently held that the evidence of the defendant's commission of another burglary was properly admitted. "Evidence which tends to prove a fact in issue is admissible though it may be evidence showing that the accused has committed a crime other than the one for which he is being tried, and evidence which goes to show motive, intent, identity, absence of mistake or *modus operandi* is admissible though it may show the commission of a separate offense. In fact it has been broadly held that evidence of other offenses is admissible if relevant for any purpose other than to show propensity to commit a crime." 62 Ill.2d 448, 455.

■■ The evidence concerning defendant's participation in the purchase of china directly refuted defendant's denial of knowledge of Carol Williams' use of her checks, and was therefore relevant to the contested issue of intent and to show the existence of a common scheme or plan. *People v. Armstrong* (1969), 41 Ill.2d 390, 243 N.E.2d 825; *People v. Lehman* (1955), 5 Ill.2d 337, 125 N.E.2d 506.

Defendant's final contention is that there was insufficient evidence to sustain the conviction under the State's theory of accountability.

■■ In order to establish accountability the State must prove the following propositions: (1) that defendant solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense; (2) that this participation on her part must have taken place either before or during the commission of the offense; and (3) that it must have been with the concurrent, specific intent to provoke or facilitate the commission of the offense. (Ill. Rev. Stat. ch. 38, § 5—2 (1973); *People v. Trapps* (3d Dist. 1974) 22 Ill.App.3d 1029, 318 N.E. 2d 108.) Mere presence of defendant at the scene of a crime is not

sufficient to make her a principal of the crime. (*People v. Owens* (4th Dist. 1975), 42 Ill.App.3d 893, 337 N.E.2d 60.) However, evidence that she was present during the commission of a crime, and did not disapprove or oppose it, may be considered by the trier of fact, together with other circumstances, in reaching its conclusion that she assented to the commission of the crime, lent it her countenance and approval, and thereby aided and abetted the commission of the crime. *People v. Washington* (1962), 26 Ill.2d 207, 186 N.E.2d 259; *People v. Dickens* (5th Dist. 1974), 19 Ill.App.3d 419, 311 N.E.2d 705.

The evidence showed that between June 26, when defendant's checks were supposedly stolen, and July 2, when stop-payment orders were placed on them, Carol Williams purchased and attempted to purchase several items with these checks. By defendant's own admission to the police, she was present on these occasions and was aware of Miss Williams' activities. Furthermore, defendant was seen actively participating in one of the transactions and actually tendered the check to the sales clerk.

██ Having examined the record, we conclude that defendant's contention must fail. The evidence presented by the State and all reasonable inferences to be drawn from the evidence support the jury's determination that, during the commission of the theft, defendant intentionally aided and abetted Miss Williams. See generally *People v. Minish* (3d Dist. 1974), 19 Ill.App.3d 603, 312 N.E.2d 49; *People v. Barnes* (2d Dist. 1971), 2 Ill.App.3d 461, 276 N.E.2d 509; *People v. Pendleton* (1st Dist. 1966), 75 Ill.App.2d 314, 221 N.E.2d 112.

Accordingly, the judgment of conviction of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.