THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID C. KELLY, Defendant-Appellant.

Fourth District   No. 13369

Opinion filed July 15, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant was indicted, tried and found guilty by a jury of the offense of armed robbery. He was sentenced to an indeterminate term of imprisonment of 5 to 15 years. Defendant appeals his conviction. On appeal, defendant raises the following issues: Whether defendant was proven guilty beyond a reasonable doubt of being accountable for the offense of armed robbery; and whether the trial court abused its discretion in permitting a minor child to testify without a proper determination of his competency.

The facts giving rise to this appeal are as follows: On January 6, 1975, while working at a service station located in Champaign, Illinois, Jim Hamilton was approached by three black youths. One of the youths pulled a gun and demanded that Hamilton give him all of the money that Hamilton had in the station. Approximately $150 in cash was taken from Hamilton. Immediately after the armed robbery the three youths returned to defendant's automobile. They then proceeded to another location where they divided up the money taken in the holdup.

At trial the three youths, Todd Johnson, Randall Williams, and Cedric Jones, testified on behalf of the State. Johnson related that on the night in question he, Williams and Jones met the defendant and an Oliver Brize at

the Illinois Youth Center located in Champaign-Urbana. He stated that all five individuals left together in defendant's car, with defendant driving, after paying defendant a small sum of money for gasoline. The ostensible purpose of their excursion was to merely ride around.

While the five individuals were riding through the community of Champaign, Johnson and Jones began to discuss their need for more money. Johnson testified that he suggested that they rob a place. He picked a gas station and Brize gave him a small revolver. According to Johnson, the defendant then parked his automobile in the alley obscured from view. Brize then instructed Johnson in the use of the handgun. All of this was done in the presence of the defendant. Johnson was certain that the defendant knew what was going on. After the armed robbery, the defendant drove to another location where the money was split up between the five.

Randall Williams' testimony substantially corroborated that given by Johnson. However, on cross-examination, Williams was impeached by a prior inconsistent statement he had given to the authorities. This statement indicated that the defendant received a substantial portion of the proceeds of the armed robbery. On cross-examination, he admitted that this was not the case.

Cedric Jones, age 13, next testified. When Jones took the stand the State asked certain questions calculated to establish his competency to testify. The trial judge took no part in the State's efforts to establish the witness' competency. No objection was made by the defendant regarding the witness' competency, at any time.

Jones' testimony also basically corroborated that given by Johnson and Williams. Jones did state that the defendant received $23 from the armed robbery; and on cross-examination he stated that he received $23 directly from the defendant. After Jones' testimony the State rested. The defendant did not present any evidence. The jury subsequently returned a verdict of guilty.

The first issue is whether the evidence is sufficient to establish defendant's guilt beyond a reasonable doubt. Defendant submits that he was not proven guilty beyond a reasonable doubt of being accountable for the offense of armed robbery because the State failed to produce sufficient evidence which established that he possessed a specific mental intent to promote or facilitate the commission of that offense. We cannot agree.

Section 5—2 of the Criminal Code states:

"A person is legally accountable for the conduct of another when:
(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in

the planning or commission of the offense. * * *" Ill. Rev. Stat. 1973, ch. 38, par. 5—2(c).

Whether an individual has the specific intent as required by section 5—2 to aid or abet a crime for the purpose of imposing liability under a theory of accountability is a question of fact for the jury. (*People v. Kessler*, 11 Ill. App. 3d 321, 296 N.E.2d 631.) In *People v. Maxon*, 35 Ill. App. 3d 670, 341 N.E.2d 479, the court observed that while the mere presence at the scene of a crime is not enough to make a defendant a principal of the crime, evidence that the defendant was present and did not disapprove of the criminal acts may be considered by the trier of the fact, with other evidence, in reaching its conclusion that defendant assented to the criminal acts by either aiding or abetting the crime. 35 Ill.App. 3d 670, 675, 341 N.E.2d 479, 482.

In *People v. Rybka*, 16 Ill. 2d 394, 158 N.E.2d 17, the supreme court held that evidence which shows that a defendant attached himself to a group bent on criminal acts, and has knowledge of the criminal designs supports an inference that defendant shared in the common purpose and will sustain his conviction. Also see *People v. Johnson*, 32 Ill. App. 3d 685, 336 N.E.2d 284, wherein we discussed section 5—2(c) of the Criminal Code and *Rybka*.

In *People v. Hendrix*, 18 Ill. App. 3d 838, 310 N.E.2d 798, a remarkably similar situation was considered by the court. In that case the court stated:

"Defendant was tried and convicted on a theory of accountability. (Ill. Rev. Stat. 1969, ch. 38, sec. 5—2(c).) The prosecution has the burden of proving beyond a reasonable doubt that defendant was a knowing participant in the armed robbery. The circumstances of defendant's involvement in the crime are relevant in determining his state of mind. Mere presence at the scene would not be enough to establish guilt. (*People v. Clark*, 30 Ill. 2d 67, 195 N.E.2d 157.) In the instant case there were other factors bearing on defendant's guilt. The evidence showed that defendant drove the robbers to the scene of the crime. He parked suspiciously behind a fence in the alley while his companions robbed the adjacent store. He fled with the robbers and did not express any disapproval or opposition to the commission of the crime. These are factors which tend to establish defendant's knowledge of the armed robbery. See *People v. Barnes*, 2 Ill. App. 3d 461, 276 N.E.2d 509; *People v. Bleimehl*, 9 Ill. App. 3d 273, 292 N.E.2d 60; *People v. Sanders*, 129 Ill. App. 2d 444, 263 N.E.2d 615." 18 Ill. App. 3d 838, 841, 310 N.E.2d 798, 800.

■■ Here the incriminating evidence is clear and uncontradicted. The record reveals that defendant drove Johnson, Williams and Jones to the scene of the crime; that he parked his car in an alley near the scene; that he

was present when the criminal design was conceived and planned; that he was present when Brize instructed Johnson in the use of the revolver; that defendant drove the car while it "took off" from the scene; and lastly, that defendant was present when the proceeds from the armed robbery were divided, and that he did, in fact, receive a part of these funds.

Parenthetically, we note that the most damaging testimony offered by the State against defendant was that of defendant's three accomplices. The testimony of confessed accomplices must be viewed with suspicion; however, even the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt. (*People v. Bolton*, 35 Ill. App. 3d 965, 343 N.E.2d 190.) The testimony of the three accomplices clearly corroborated each other. Furthermore, each one of these individuals was subject to the scrutiny of defense counsel's cross-examination. Therefore, the defendant had ample opportunity to bring out any bias or prejudice as well as any arrangements which these witnesses might have made with the State's Attorney's office in exchange for their testimony.

Accordingly, we will not disturb the jury's finding of guilt for the evidence of guilt is not so improbable or unsatisfactory as to leave a reasonable doubt of defendant's guilt. *People v. Curry*, 56 Ill. 2d 162, 306 N.E.2d 292.

■■  Next, defendant argues that the trial court abused its discretion in permitting a minor child, Cedric Jones, age 13, to testify without a proper determination of his competency. Ideally the trial judge should have taken a more active role in determining Jones' qualification. An overall view of Jones' testimony, however, displays an adequate capacity to see, to understand, to recollect and to testify intelligently, and to comprehend the moral obligation of a witness to tell the truth.

As was stated hereinabove, defendant failed to move for the exclusion of Jones' testimony during the course of the trial. An objection to the competency of a witness, if known when the witness is called to the stand, must be made or it is waived. (*People v. Matthews*, 17 Ill. 2d 502, 162 N.E.2d 381.) Therefore, we cannot and will not consider a challenge to his competency as a witness at this time.

The verdict of guilty and the judgment entered thereon is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.